13   143
48   931

ELLEN WOOD, WIDOW NEELY, *v.* J. O. STOKES, Administrator.

A donation of a sum of money at a future time by a marriage contract does not require a delivery,
    neither is it necessary that it should be in the form of a testament to render it valid.
Donations by marriage contract cannot be impeached or declared void on pretence of want of ac-
    ceptance.   C. C. 1782.
The Act of the Legislature of 31st March, 1850, amending Art. 1739 of the Civil Code, did not remove
    the restriction imposed by Art. 1745 of the Code, upon persons contracting a second or a subse-
    quent marriage who have children by a former one, from giving to the spouse of the second or
    subsequent marriage more than the least child's portion as an usufruct and not to exceed one-
    fifth of the donor's estate—the latter Article is unrepealed and in full force.

APPEAL from the District Court of the parish of East Baton Rouge, *Beale,* J.
J. M. McCutcheon, for plaintiff and appellant.   A. M. Dunn, for de-
fendant.

MERRICK, C. J.   *James Stokes,* having three children living by a former mar-
riage, entered into a marriage contract with the plaintiff, wherein, "as a
further proof of the friendship which he bore his said future spouse, he made a
full and entire gift to his said intended wife of the sum of five thousand dollars,
to be levied off his estate and paid to her without the interference of law by
his executors, heirs or administrators after his decease, should his said intended
wife survive him, and in the event of the death of the said future wife before the
decease of the said husband, then the aforesaid sum of five thousand dollars is
to descend to her lawful heirs and to be paid to them according to the law of
the State."

The parties were duly married, and lived together until the death of the
donor, *James Stokes.*

The suit in its present form is brought to claim from his succession the amount
stipulated in the marriage contract.

The District Judge reduced the donation to the usufuct of one-fifth of the
estate of *James Stokes,* deceased, during plaintiff's life, and she has appealed.

It is contended by defendant's counsel that the $5000 promised must be
considered as a donation; and because there was no delivery, and the act is not
formal as a donation *mortis causa,* it must be considered void, *ab initio.*

A donation of a sum of money at a future time by a marriage contract, does
not, we think, require a delivery, neither is it necessary that it should be in
the form of a testament to render it valid.   C. C. 1728, 1738, 1735.

It is next objected that, the donation was not accepted in its precise terms.
Donations made by marriage contract cannot be impeached or declared void
on pretence of want of acceptance.   C. C. 1782.

It is further urged by defendant's counsel that if the instrument be valid as
a donation it must be reduced to an usufruct of one-fifth of the estate.

This raises the important question, whether the Act approved 31st of March,
1850, amending Article 1739 of the Civil Code, was intended to remove the
restrictions imposed by the Code upon persons contracting a second or a sub-
sequent marriage who have children by a former one.

The statute read by itself has doubtless given rise to the impression, that
the broad and comprehensive terms used are applicable to all marriage con-
tracts entered into in due form, or testaments made since the passage of the

WOOD
v.
STOKES.

statute. The Act is as follows: "*Be it enacted, &c,* That Article one thousand seven hundred and thirty-nine of the Civil Code which reads thus: 'One of the married couple may either by marriage contract or during the marriage, in case of his or her leaving no children nor legitimate descendants, give to the other in full property all that he or she might give to a stranger. And in case the donor leaves children or legitimate descendants, he can give to the other a tenth-part in full property or the usufruct of one-fifth of all his property,' be and the same is hereby altered and amended so as to read as follows: Either of the married couple may, either by marriage contract or during the marriage, give to the other in full property all that he or she might give to a stranger."

This statute which, in conformity to Art. 116 of the Constitution, reënacts and publishes at length the Article or section amended, contains no repealing clause. It cannot, therefore, repeal any other Article of the Civil Code, unless it contains provisions irreconcilable with such Article, for "The law does not favor repeals by implication, and when laws in *pari materia* are to be interpreted, that construction is to be preferred which will give effect to all their provisions." 5 An. 122, *Succession of Hébert.*

The statute of 1850, consequently, must be read *in its place* as Article 1739 of the Civil Code. It then becomes a general provision of law forming a part of the Civil Code, subject to the limitations and exceptions found in other Articles of the Code not irreconcilable with the same. As it does not purport to repeal any Article, it must be construed in reference to all the Articles on the same subject-matter. C. C. 17.

We then find the general rule prescribed by the Article 1739 as amended, and the exception in the unrepealed Article 1745, in the case where a man or woman contracts a second or subsequent marriage having children by a former one. In such exceptional case the husband can give to his wife or she to her husband only the least child's portion, and that only as an usufruct and in no case shall the portion of which the donee is to have the usufruct exceed the fifth-part of the donor's estate. C. C. 1745.

This, then, limits the Article 1739, as the District Judge correctly observes, to persons who have no children by a former marriage.

The petition alleges the estate to be worth $20,000. The donation of $5000, therefore, exceeds the usufruct of one-fifth of the entire estate, and must be reduced accordingly. If the plaintiff is unable to give the security required, the courts can manage the property, under Art. 556, for the benefit of the usufructuary. See case of *Succession of Antoine Tassin,* 12 An., 885.

The court did not err in dismissing the demand for one-half of the value of the community. The widow in community can claim this only after the settlement of the estate by the administrator, and to this end she has a right to call upon him to render his account, and to provoke a partition. She cannot, in the first instance, sue for a sum of money, the supposed value of one-half of the community, as appears to have been attempted in this case.

Judgment affirmed.