(SOUTHWESTERN TELEGRAPH & TELEPHONE CO. v. ROBINSON.

(*Circuit Court of Appeals, Fifth Circuit.*   November 27, 1891.)

**1. APPEAL—JURISDICTION OF COURT BELOW—RECORD—REMOVAL OF CAUSES.**
   When a cause has been removed from a state to a federal circuit court, and thence carried to the circuit court of appeals, the jurisdiction of the circuit court must appear affirmatively upon the record, otherwise the judgment will be reversed, with directions to remand to the state court.

**2. SAME—REMOVAL OF CAUSES—DIVERSE CITIZENSHIP—"RESIDENCE."**
   An averment of residence is not equivalent to an averment of citizenship under the removal of causes acts; and, where the cause is of a character which is only removable because of diversity of citizenship, an averment showing diversity of residence only is insufficient to sustain the jurisdiction of the federal circuit court.

**3. SAME—REVERSAL—JURISDICTION—COSTS.**
   When a cause is brought from the circuit court to the circuit court of appeals by the defendant, who removed it from a state court, and is there reversed, because the record fails to show jurisdiction in the circuit court, the defendant should be taxed with the costs.

Error to the Circuit Court for the Northern District of Texas.   Reversed.

*John W. Wray,* for plaintiff in error.

*M. L. Crawford,* for defendant in error.

Before PARDEE, Circuit Judge, and LOCKE and BRUCE, District Judges.

PARDEE, J.   The record shows a suit brought in the district court of Cooke county, state of Texas, against the Southwestern Telegraph & Telephone Company to recover damages suffered by the plaintiff through the negligence of the defendant.   The suit was afterwards removed by order of the state court to the United States circuit court for the northern district of Texas.   Upon what grounds the removal was made does not appear.   The suit is one, however, in which the jurisdiction of the circuit court must depend upon the citizenship of the parties.   The petition filed in the state court commences as follows:

"Your petitioner, J. B. Robinson, a resident of Cooke county, Tex., complaining of the Southwestern Telegraph & Telephone Company, a private corporation, incorporated under the laws of the state of New York, but doing business in the state of Texas, having a legal office at Gainesville, Cooke county, Tex., respectfully represents," etc.

Beyond this in the record there is no averment or showing as to citizenship of the parties.   The jurisdiction of the circuit courts must appear affirmatively in the record.   *Insurance Co.* v. *Rhoads,* 119 U. S. 237, 7 Sup. Ct. Rep. 193; *Timmons* v. *Land Co.,* 139 U. S. 378, 11 Sup. Ct. Rep. 585.   "Where the jurisdiction of the circuit court does not appear in the record, the appellate court will, on its own motion, notice the defect, and make disposition of the case accordingly."   *Railway Co.* v. *Swan,* 111 U. S. 379, 4 Sup. Ct. Rep. 510; *Everhart* v. *Huntsville College,* 120 U. S. 223, 7 Sup. Ct. Rep. 555.   "It is well settled that an averment of residence is not the equivalent of an averment of citizenship in the courts of the United States."   See *Menard* v. *Goggan,* 121 U. S. 253, 7 Sup. Ct. Rep. 873, and cases there cited.   "When a suit

v.48F.no.10—49

which has been removed from a state court is brought up by appeal or writ of error, and it does not appear on the face of the record that the citizenship of the parties was such as to give the circuit court jurisdiction upon removal, the judgment or decree of the circuit court will be reversed, and the cause sent back with instructions to remand it to the state court from which it was improperly removed." *Railway Co.* v. *Swan, supra; Hancock* v. *Holbrook,* 112 U. S. 229, 5 Sup. Ct. Rep. 115. In the present case it does not appear on the face of the record that the citizenship of the parties was such as to give the circuit court jurisdiction upon the removal. It follows that the judgment of the circuit court should be reversed, and the cause sent back, with instructions to remand it to the state court from which it was removed.

As the plaintiff in error brought the case into the circuit court as well as to this court, he should not be allowed to recover costs, but should be condemned to pay them. See *Hancock* v. *Holbrook, supra; Timmons* v. *Land Co., supra.* The decree of the circuit court is reversed, and the cause is ordered returned to that court, with instructions to remand it to the state court from which it was removed. All costs of this and the circuit court are to be adjudged against the plaintiff in error.