TINSLEY v. HOOT et al.

(Circuit Court of Appeals, Fifth Circuit. January 9, 1893.)

No. 80.

1. FEDERAL COURTS—JURISDICTION—DIVERSE CITIZENSHIP—RESIDENCE.
   Averments showing diverse residence are not equivalent to averments of diverse citizenship, and are insufficient to sustain the jurisdiction of a federal court.

2. APPEAL—JURISDICTION — DEFECTS NOTICED BY COURT OF ITS OWN MOTION.
   The jurisdiction of a federal circuit court must appear affirmatively on the record, and a default therein will be noticed by the appellate court of its own motion, and the case reversed and remanded, with directions to dismiss, unless proper amendments are made.

In Error to the Circuit Court of the United States for the Eastern District of Texas.

At Law. Action of trespass to try title, brought by Thomas Tinsley against A. B. Hoot and others. Verdict and judgment for defendants, and plaintiff brings error. Reversed.

S. W. Jones, (W. B. Denson, on the brief,) for plaintiff in error.
Percy Roberts, (F. Charles Hume, of counsel,) for defendants in error.

Before PARDEE and McCORMICK, Circuit Judges, and LOCKE, District Judge.

PARDEE, Circuit Judge. The record does not show the jurisdiction of the circuit court. The suit is one of trespass to try title to one third of a league of land in San Jacinto county, Tex.; and within the eastern district of Texas. On the trial in the circuit court, plaintiff asserted title to the land through a deed from the sole surviving heir of the patentee. Defendants deraigned title through a judgment obtained in the district court of the state for Walker county, Tex., in a proceeding in personam, with citation by publication. The jurisdiction of the circuit court, if existing at all, therefore depended upon the opposite parties being aliens and citizens of the United States, or citizens of different states. The plaintiff's original petition makes no averment as to the citizenship of any of the parties, but in the description of parties alleges as follows:

"The petition of Thomas Tinsley, who resides in the state of New York, complaining of Joshua B. Hoot, A. B. Hoot, and J. M. Phillips, who reside in San Jacinto county; of Imogene Banton, who resides in McLennan county; of Juliet B. and her husband R. H. Bush, Cornelia Hamilton, Sallie E. Gibbs, W. S. Gibbs, and the minor children of Sanford Gibbs, deceased, to wit, M. A. Gibbs, Thomas C. Gibbs, Sallie S. Gibbs, J. P. Gibbs, and Luteola Gibbs, who reside in Walker county, and all in the state of Texas, whose given names, except those stated, are unknown to complainant, with respect represents," etc.

Nowhere in the record do we find any averment as to the citizenship of any of the parties, except in an amendment to the original petition, as follows:

"Now comes the plaintiff, and amends his original petition by leave, and says that Joshua M. Hoot, who is a citizen of the state of Texas, and resides in San Jacinto county, within the eastern district of Texas, is a proper party defendant in this cause, and is claiming," etc.

The jurisdiction of the circuit court must appear affirmatively in the record. Where the jurisdiction of the circuit court does not appear in the record, the appellate court will, on its own motion, notice the defect, and make disposition accordingly. It is well settled that an averment of residence is not the equivalent of an averment of citizenship in the courts of the United States. Telephone Co. v. Robinson, 2 U. S. App. 148, 1 C. C. A. 91, and 48 Fed. Rep. 769, and cases there cited. The judgment of the circuit court must be reversed, and the cause remanded, with instructions to dismiss plaintiff's petition for want of jurisdiction, unless, by proper amendment showing the citizenship of the parties the jurisdiction of the circuit court shall affirmatively appear, in which case the circuit court will thereafter proceed according to law; the plaintiff in error to pay all costs of this and the circuit court. And it is so ordered.