### AMERICAN SUGAR-REFINING CO. v. JOHNSON.

(Circuit Court of Appeals, Fifth Circuit. December 19, 1893.)

#### No. 153.

1. CIRCUIT COURTS OF APPEALS—JURISDICTION—JURISDICTIONAL QUESTIONS.
    When the whole case is taken to the circuit court of appeals, that court has jurisdiction to pass upon the question of jurisdiction in the

court below (Judiciary Act March 3, 1891, §§ 5, 6). McLish v. Roff, 12 Sup. Ct. 118, 141 U. S. 661, followed.

2. FEDERAL JURISDICTION—CITIZENSHIP OF CORPORATIONS.

An averment, in a suit brought by a citizen of Louisiana, that defendant is "a corporation domiciled and doing business in this city [New Orleans], and a citizen of New Jersey," is not equivalent to an averment that it is a corporation organized under the laws of New Jersey, and hence is insufficient to support federal jurisdiction.

3. DEATH BY WRONGFUL ACT—SURVIVORSHIP—NEGLIGENCE OF SERVANTS.

The Louisiana statute—Civ. Code, art. 2315 (2294)—declares that "every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it," and also provides that the action shall survive, and that damages may be recovered when death results. *Held,* that the statute includes acts of omission as well as commission, and applies in a case in which death results from the negligence of servants for which the master is responsible.

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

This was an action brought by Mrs. Otto Johnson, individually and as tutrix of her minor children, Anthony, Celia, and Anna Johnson, against the American Sugar-Refining Company, to recover damage for injuries to her husband, Otto Johnson, from which he died. There was a verdict for plaintiff in the sum of $10,000, from which she remitted $2,500. Judgment was entered for the remainder, and defendant sued out this writ of error.

The petition of the plaintiff in the lower court, defendant in error here, suing individually and as tutrix of her minor children and as a citizen of Louisiana, averred that the "American Sugar-Refining Company, a corporation domiciled and doing business in this city [meaning the city of New Orleans, La.], and a citizen of New Jersey, and found within the eastern district of Louisiana, of which George S. Eastwick is general manager," is indebted to petitioner in the sum of $10,000 upon the following grounds: "That on and prior to the 20th day of June, 1892, your petitioner's husband, Otto Johnson, was employed by the said American Sugar-Refining Company as a laborer to work at their refinery situated in this city. That under said employment petitioner was employed to work in the fifth story of said refinery, and under said employment was required to watch and care for large tanks used for the purpose of receiving sugar that is pumped up through a large 18-inch pipe running from said fifth story to the first floor of the said refinery. That, after said pumping of sugar ceases and the tanks having sufficient, the said 18-inch pipe is cleaned by the engineer on the first floor by turning on a strong force of steam through said pipe, which forces the sugar out, and thoroughly cleans said pipe; and, should any one be in close proximity to said pipe, he is liable to be scalded and killed. That said steam is always turned on immediately after the sugar pumping ceases. That on said date and at said place, without any warning or notice by the said defendant company or its agents or engineer in charge of the engine on the first floor to petitioner's husband and to the workmen on the top floor, where petitioner's husband was working, and in close proximity to the said pipe, his employment requiring him to be there, the steam was turned on with great force, although the pumping of sugar had long since ceased, and your petitioner's husband was badly scalded and burned, which caused him great bodily injury and pain, from the effects of which he died after great suffering; thus depriving your petitioner from his support and companionship and from earning a living for herself and four small children. That petitioner's husband was using due diligence and care on his part, and that the defendant company could have prevented the said disaster by the employment of a competent and trustworthy engineer, and by the use of proper appliances for the giving notice by the engineer to the occupants of the upper story, where your petitioner's husband was engaged, either by

messenger, bell, or speaking tube, which they neglected and failed to do. That it is the legal duty of the defendant company to maintain and employ competent foremen, workmen, and engineers to superintend, manage, and care for and direct their work, and thus prevent the disaster which occurred to your petitioner's husband, and which they failed to do. That petitioner's husband was lawfully compelled and directed to be in the place where he was injured, and had no notice or warning of the danger, and same was caused by gross neglect of duty on their part by not having the proper appliances, and competent, faithful, and trustworthy workmen and employes."

The defendant below excepted to this petition on the grounds that the alleged cause of action did not survive, and that the injury complained of was the result of the negligence of a fellow servant. The plaintiff below, under leave of the court, then undertook to amend by filing the following: "The supplemental and amended petition of Mrs. Otto Johnson, widow of Otto Johnson, individually and as tutrix of her minor chi dren, Anthony, Ce''a, and Anna Johnson, with respect shows: That in conformity with the order of the honorable judge presiding in the above-mentioned court, petitioners reiterate all the allegations of their original petition filed herein, except in so far as the same is altered by this amended petit'on, and allege further that the said Otto Johnson, husband and father of plaintiffs, was employed as a laborer by the said American Sugar-Refining Company to work at their refinery, situated in this city, and that under said employment he was caused to work in the fifth story of said refinery, and was required to watch and care for large tanks, used for the purpose of receiving sugar which was to be pumped up from the first floor into said tanks, which pumping was to be done by means of machinery operated by steam power, and which machinery was run by an engineer stationed on the ground floor of said refinery. That it is the custom and usage of said refinery that, immediately after the said tanks are sufficiently filled with sugar, warning is given to the occupants and workmen on the said fifth floor, where said tanks were situated, that the pipe which conveys the sugar to said tanks is blown out by injecting a strong force of steam, which warning prevents the occupants of said floor from being within close proximity of said pipe, their business requir'ng them otherwise to be engaged within close proximity to the sai pipe. That it is necessary said pipe be cleaned by injecting a force of steam immediately after said pumping ceases, otherwise same would corrode and become clogged. That on the date mentioned, long after said pumping had ceased, and contrary to the custom and usage of said refinery, the said refinery, through the incompetent, irresponsible, and untrustworthy person employed by them as an engineer in charge of said machinery, and without any warning or notice whatsoever to your petitioner's said husband, Otto Johnson, who was engaged in his usual employment of storing the contents of said tanks, a strong force of steam was suddenly sent through said pipe, terribly burning and scalding petitioner's husband, said Otto Johnson; and from said burning and scalding the said Johnson, after great pain and suffering for some days, died. That your petitioner's said husband, at the time that he received the injuries as aforesaid, was engaged in his usual employment in said refinery, using due diligence and care on his part; and that by his death your petitioner and her said children were deprived of his support and companionship, and from earning a living for herself and her small children. Petitioner further avers that the said killing of her said husband was caused solely by the neglect and gross carelessness of the said American Sugar-Refining Company, and that they could have prevented the said disaster if they had used due diligence and care in the employment of a competent and trustworthy engineer, and by the use of proper appliances for the giving notice to the occupants of the upper story, where your petitioner's husband was engaged, either by messenger or bell or speaking tube, all of which they neglected and failed to do. Your petitioner alleges that by reason of the said carelessness and neglectful acts of the said American Sugar-Refining Company aforesaid, that she and her said children have been damaged, by reason of the pain and suffering her said husband endured, and by reason of the loss and deprivation to them of his care and support, in the full sum of ten thousand dollars ($10,000.00)."

The defendant below again excepted as follows: "First. That said so-

called amended and supplemental petition does not conform, to, but disregards, the order of the court directing an amendment. Second. Said so-called supplemental and amended petition is so vague, inconsistent, incoherent, and contradictory in its allegations that defendant cannot justly be called on to join issue thereon, nor can any issue be intelligently framed thereon for submission to a jury. And, if the foregoing exception be overruled, defendant further says: Third. That, as appears on the face of the so-called amended and supplemental petition, the said Otto Johnson died from the effects of the alleged accident; and, under the law of Louisiana no right of action in the premises set forth in said petitions survived to plaintiff, individually or as tutrix of her minor children, nor to said children, nor by said law is there in the same premises any right of action by plaintiff, individually or as tutrix of her minor children, or by said children, for damages alleged to have been sustained by her or by them by the death of said Otto Johnson. Fourth. And, if this exception be overruled, defendant further says that, as appears on the face of said so-called amended and supplemental petition, plaintiff alleges that said Otto Johnson was injured and killed in the course of an employment the risk of which he assumed, and by his own carelessness, or by the act of a fellow servant, the risks of whose carelessness he, said Johnson, also assumed, or both, and that said petition states no cause of action against this defendant."

These exceptions were overruled, and the defendant below, reserving the benefit of the exceptions, answered in substance as follows: "Respondent admits that the deceased, Otto Johnson, was employed in the refinery of defendant in this city; but specially denies that said deceased was ever injured through any fault, carelessness, negligence, or want of care of respondent, its officers, agents, and employes, or any party or parties for whom it was or is in any manner responsible, as set forth in said petitions, or otherwise. Respondent specially denies that the injuries complained of in said petitions were in any manner caused by, or the result of, the want of proper machinery and appliances in said refinery, or the employment of incompetent or untrustworthy engineers, foremen, or workmen, but avers, on the contrary, that the machinery and appliances in said refinery were proper and in good order, and the engineers and other parties were competent and trustworthy. Respondent further avers that, even if said deceased, Otto Johnson, was injured through any fault or negligence of respondent, its agents, or employes in the premises, or as stated in said petitions (which is specially denied), yet even in such case plaintiff cannot recover, because said deceased, Otto Johnson, was himself careless and neglectful in said premises, and by his negligence and fault contributed to the accident complained of, and its results. And respondent specially denies that said deceased, Otto Johnson, was, at the time of said accident, using due diligence and care on his part. Or [respondent avers] the said accident and results were caused by the negligence and fault of fellow servants of said deceased, engaged in a common employment. Respondent further avers that said deceased, Otto Johnson, was familiar with the appliances used in said refinery, and the manner in which the work was carried on, and he assumed all the risks of his employment. Respondent avers that it is in no manner indebted to or liable to plaintiff."

The cause was tried before a jury, and a verdict rendered for $10,000. On a motion for a new trial, the plaintiff remitting $2,500, judgment was rendered for $7,500. The defendant below took its writ of error, and with it filed the following assignment of errors: "And now comes the defendant, the American Sugar-Refining Company, and assigns the following errors in the final judgment of this honorable court, rendered April 21, 1893, and signed April 22, 1893: (1) The court erred in entertaining jurisdiction of the said cause, and rendering said judgment; said court, on the face of the record, having no jurisdiction in the cause, and the averments of citizenship, whether of Otto Johnson, deceased, or of his children, or of this defendant, as stated in the petition, not being sufficient to give jurisdiction to the court, and there being no federal question in the cause. (2) Said court erred in overruling the first exception to the supplemental and amended petition, as well as to the original petition, filed herein on the 30th day of November, 1892, and in requiring the defendant to answer thereto; the so-

called amended and supplemental petition not conforming to, but disregarding, the order directing an amendment. (3) The said court erred in overruling the second exception filed herein on the 30th day of November, 1892, to the amended and supplemental petition, as well as to the original petition, and in requiring the defendant to answer thereto; the said supplemental and amended petition of the plaintiff, and the original petition as well, and the same, when taken together, being too vague, inconsistent, and contradictory in their allegations to demand an answer, or enable defendant to safely answer the same, and to go to trial thereon. (4) The said court erred in overruling the third exception filed in this cause on the 30th day of November, 1892, and requiring defendant to answer, it appearing on the face of said amended and supplemental petition, as well as the original petition, that said Otto Johnson died prior to the institution of this suit from the effects of the alleged accident; and under the law of Louisiana no right of action in the premises set forth in said petitions could survive to plaintiff individually or as tutrix of her minor children, nor to said children; nor by law is there in the said premises any right of action by plaintiff individually or as tutrix of her minor children, or by said children, for damages alleged to have been sustained by her or by them by the death of said Otto Johnson. (5) The said court erred in overruling the fourth exception filed herein November 30, 1892, it appearing on the face of the plaintiff's petitions that said Otto Johnson was injured and killed in the course of an employment the risk of which he assumed, by his own carelessness or the act of his fellow servant, the risk of whose carelessness he, the said Johnson, also assumed, or both; and the said petitions showed no cause of action against the defendant. And for these and other errors apparent on the face of the record the said defendant, applying for a writ of error, prays that the said final judgment may be reversed, and plaintiff's suit dismissed, and for costs and general relief."

W. W. Howe and S. S. Prentiss, for plaintiff in error.

B. R. Forman, Wynne Rogers, and J. H. Woolfson, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and LOCKE, District Judge.

PARDEE, Circuit Judge (after stating the facts). The record shows that the question of jurisdiction of the circuit court was not raised in the court below, and of course the jurisdiction is not certified as involved in the case. The first assignment of error raises the question in this court that the jurisdiction of the circuit court does not appear from the face of the record. The appellee, relying upon the textual provisions of section 5 of the judiciary act of 1891, which is to the effect that appeals or writs of error may be taken from the district courts or existing circuit courts direct to the supreme court in any case in which the jurisdiction of the court is in issue, and upon the terms of the sixth section, which restrict the jurisdiction of the circuit courts of appeal to cases other than those provided for in the fifth section, contends that this assignment of error cannot be considered in this court.

"The rule, springing from the nature and limits of the judicial power of the United States, is inflexible and without exception, which requires this court, of its own motion, to deny its own jurisdiction, and, in the exercise of its appellate power, that of all other courts of the United States, in all cases where such jurisdiction does not affirmatively appear in the record on which, in the exercise of that power, it is called to act. On every writ of error or appeal the first and fundamental question is that of jurisdiction, first of this court, and then of the court from which the record comes. This

question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the rel'tion of the parties to it." Railway Co. v. Swan, 111 U. S. 379–389, 4 Sup. Ct. 510.

In the case of McLish v. Roff the supreme court of the United States, in construing the fifth and sixth sections of the judiciary act of 1891, among other things, said:

"The true purpose of the act, as gathered from its context, is that the writ of error or the appeal may be taken only after final judgment, except in the cases specified in section 7 of the act. When that judgment is rendered, the party against whom it is rendered must elect whether he will take his writ of error or appeal to the supreme court upon the question of jurisdiction alone, or to the circuit court of appeals upon the whole case. If the latter, then the circuit court of appeals may, if it deem proper, certify the question of jurisdiction to this court." 141 U. S. 661–663, 12 Sup. Ct. 118.

Relying upon the construction given in McLish v. Roff, the practice of this court has been, where an appeal or writ of error has been taken in the whole case, and the question of jurisdiction in the court below has been raised, to pass upon the question of jurisdiction as upon any other issue raised in the case. And accordingly, in Telephone Co. v. Robinson, 2 U. S. App. 148, 1 C. C. A. 91, 48 Fed. 769, which was a case in which the jurisdiction of the circuit court was not apparent of record, this court held that the jurisdiction of the circuit court must appear affirmatively in the record, citing Insurance Co. v. Rhoads, 119 U. S. 237, 7 Sup. Ct. 193; Timmons v. Land Co., 139 U. S. 378, 11 Sup. Ct. 585; and also held that, "where the jurisdiction of the circuit court does not appear in the record, the appellate court will, on its own motion, notice the defect, and make disposition of the case accordingly;" and we then reversed the decree of the circuit court remanding the cause to the court below with instructions to remand to the state court from which it was removed. And in Railway Co. v. Rogers, 6 C. C. A. 403, 57 Fed. 378, and in Tinsley v. Hoot, 2 U. S. App. 548, 3 C. C. A. 612, 53 Fed. 682, this court followed the same practice. In the case of Carey v. Railway Co. (recently decided, but not yet officially reported) 14 Sup. Ct. 63, the supreme court say:

"The judiciary act of March 3, 1891, in distributing the appellate jurisdiction of the national judicial system between the supreme court and the circuit courts of appeals therein established, designated the classes of cases in respect of which each of these courts was to have final jurisdiction (the judgments of the latter being subject to the supervisory power of th's court through the writ of certiorari as provided), and the act has uniform y been so construed and applied as to promote its general and manifest purpose of lessening the burden of litigation in this court. The fifth section of the act specifies six classes of cases in which appeals or writs of error m'y be taken directly to this court, of which we are only concerned with the first and fourth, which include those cases 'in which the jurisdiction of the court is in issue. In such cases the question of jurisdiction alone shall be certified to the supreme court from the court below for decision,' and 'any case that involves the construction or application of the constitution of the United States.' In order to bring this appeal within the first of these classes, the jurisdiction of the circuit court must have been in issue in this case, and, as appeals or writs of error lie here only from final judgments or decrees, must have been decided against appellants; and the question of jurisdiction must have been certified. We do not now say that the absence of a formal

certificate would be fatal, but it is required by the statute, and its absence might have controlling weight where the alleged issue is not distinctly defined."

Reading the fifth and sixth sections of the act of 1891 in the light of McLish v. Roff and Carey v. Railway Co., and the former practice of this court, we consider that the exclusive jurisdiction of the supreme court, in any case where the jurisdiction of the court is in issue, only attaches when the appeal or writ of error is taken direct to that court, and that, when not so taken, but the appeal or writ of error is taken on the whole case to the circuit court of appeals, that court is vested with jurisdiction to pass on all the issues involved. As to certifying a jurisdictional question to the supreme court in such cases, that is only to be done when the instruction of that court is desired for the proper decision of the case. Watch Co. v. Robbins, 148 U. S. 266, 13 Sup. Ct. 594.

We consider, therefore, that we have full jurisdiction to pass upon the first assignment of error in this case.

The right of a corporation to sue and be sued in the circuit courts of the United States, irrespective of the citizenship of the individual stockholders, was at one time much questioned, but was finally settled by the supreme court in favor of the right. Railway Co. v. Letson, 2 How. 497; Marshall v. Railway Co., 16 How. 314; Railroad Co. v. Wheeler, 1 Black, 286. See, also, Shaw v. Mining Co., 145 U. S. 444, 12 Sup. Ct. 935. In Railroad Co. v. Wheeler, supra, the following propositions are declared:

"(1) A corporation exists only in contemplation of law, and by force of law, and can have no legal existence beyond the bounds of the sovereignty by which it is created. It must dwell in the place of its creation. (2) A corporation is not a citizen within the meaning of the constitution of the United States, and cannot maintain a suit in a court of the United States against the citizen of a different state from that by which it was chartered, unless the persons who compose the corporate body are all citizens of that state. (3) In such case they may sue by their corporate name, averring the citizenship of all the members, and such a suit would be regarded as the joint suit of individual persons, united together in the corporate body and acting under the name conferred upon them for the more convenient transaction of business, and consequently entitled to maintain a suit in the courts of the United States against a citizen of another state. (4) Where a corporation is created by the laws of a state, the legal presumption is that its members are citizens of the state in which alone the corporate body has a legal existence. (5) A suit by or against a corporation in its corporate name must be presumed to be a suit by or against citizens of the state which created the corporate body, and no averment or evidence to the contrary is admissible for the purpose of withdrawing the suit from the jurisdiction of a court of the United States."

To apply these propositions in a suit brought in a circuit court of the United States for or against a corporation, it is all important to know under the laws of what state the corporate body was created. In Insurance Co. v. French, 18 How. 405, the supreme court said:

"In the declaration the plaintiffs are averred to be citizens of Ohio, and they 'complain of the Lafayette Insurance Company, a citizen of the state of Indiana.' This averment is not sufficient to show jurisdiction. It does not appear that the Lafayette Insurance Company is a corporation, or, if it be such, by the law of what state it was created. The averment that the company is a citizen of the state of Indiana can have no sensible meaning

:attached to it. This court does not hold that either a voluntary association of persons or an association into a body politic created by law is a citizen of a state. within the meaning of the constitution; and therefore, if the defective averment in the declaration had not been otherwise supplied, the suit must have been dismissed."

A similar question was again before the supreme court in Muller v. Dows, 94 U. S. 444, 445, and the court said:

"The decree made below is assailed here for several reasons. The first is that the court had no jurisdiction of the suit, in consequence of the want of proper and necessary citizenship of the parties. This objection was not taken in the circuit court, but it is of such a nature that, if well founded, it must be regarded as fatal to the decree. The bill avers that Dows and Winston, two of the complainants, are citizens and residents of the state of New York, and that Burnes, the other complainant, is a citizen and resident of the state of Missouri. The two original defendants, the Chicago and Southwestern Railway Company and the Chicago, Rock Island and Pacific Railroad Company, are averred to be citizens of the state of Iowa. Were this all that the pleadings exhibit of the citizenship of the parties, it would not be enough to give the circuit court jurisdiction of the case. In Insurance Co. v. French, 18 How. 404, a similar averment was held to be insufficient, because it did not appear from it that the Lafayette Insurance Company was a corporation, or, if it was, that it did not appear by the law of what state it was made a corporation. It was therefore ruled that, if the defective averment had not been otherwise supplied, the suit must have been dismissed. A corporation itself can be a citizen of no state in the sense in which the word 'citizen' is used in the constitution of the United States. A suit may be brought in the federal courts by or against a corporation, but in such a case it is regarded as a suit brought by or against the stockholders of the corporation; and for the purposes of jurisdiction it is conclusively presumed that all the stockholders are citizens of the state which, by its laws, created the corporation. It is therefore necessary that it be made to appear that the artificial being was brought into existence by the law of some state other than that of which the adverse party is a citizen. Such an averment is usually made in the introduction or in the stating part of the bill. It is always there made if the bill is formally drafted. But if made anywhere in the pleadings it is sufficient. In Insurance Co. v. French, supra, the defective averment of citizenship was held to have been supplied by the plaintiff's replication to the plea, which alleged that the defendants were a corporation created under the laws of Indiana, having its principal place of business in that state. And in the present case we think the averment in the introduction of the bill that the two defendant corporations were citizens of Iowa, which, if standing alone, would be insufficient to show jurisdiction in the federal court, has been supplemented by other averments which satisfactorily show that the court had jurisdiction of the case."

In Pennsylvania v. Quicksilver Min. Co., 10 Wall. 553, the jurisdictional averment was: "The commonwealth of Pennsylvania, by her attorney general, complains of the Quicksilver Mining Company, a body politic in the law of, and doing business in, the state of California." In disposing of the matter on a motion to dismiss, Mr. Justice Nelson, for the supreme court, said:

"And the question in this case is whether it is sufficiently disclosed in the declaration that this suit is brought against a citizen of California; and this turns upon another question, and that is whether the averment there imports that the defendant is a corporation created by the laws of that state; for, unless it is, it does not partake of the character of a citizen within the meaning of the cases on this subject. The court is of opinion that this averment is insufficient to establish that the defendant is a California corporation. It may mean that the defendant is a corporation doing business in that state by its agent, but not that it had been incorporated by the laws of the state. It would have been very easy to have made the fact clear by

averment, and, being a jurisdictional fact, it should not have been left in doubt."

From these considerations and authorities we conclude that in a suit for or against a corporation in the courts of the United States the matter of jurisdiction may be shortly stated as follows: That, in order to hold that a private corporation is a citizen of a particular state, within the meaning of the word "citizen" as used in the judicial acts of the United States, and thereby conclusively presume that all of the shareholders of such corporation are citizens of the particular state, it must affirmatively appear that the corporation was created under the laws of such state; and it would seem that an averment that the body suing or sued is a corporation or a citizen or both of a particular state is insufficient.

In the case under consideration the jurisdictional averment is that "the American Sugar-Refining Company, a corporation domiciled and doing business in this city [New Orleans], and a citizen of New Jersey, and found within the eastern district of Louisiana, of which George S. Eastwick is manager, and authorized to accept service of legal process, is indebted," etc. This averment is doubtful and contradictory. A corporation cannot have two domiciles. Bridge Co. v. Woolley, 78 Ky. 523; Bank v. Earle, 13 Pet. 519, 520. The domicile, the residence, and the citizenship of a corporate body are all necessarily within the state which created and organized it. It must dwell in the place of its creation, and cannot migrate to another sovereignty. Bank v. Earle, 13 Pet. 519, 520; Railroad Co. v. Koontz, 104 U. S. 5–12; Ex parte Schollenberger, 96 U. S. 369–377. We have already shown that it can only be a citizen of the state which creates it. If force and effect is given to the jurisdictional averment in this case, we are bound to conclude that the American Sugar-Refining Company, being domiciled in Louisiana, is a Louisiana corporation, and that the same company, being a citizen of New Jersey, is a New Jersey corporation. In this state of the record, it cannot be said that the assertion that "the American Sugar-Refining Company is a citizen of New Jersey" is the controlling averment, and that we can therefrom conclusively presume that all the shareholders of said company are citizens of the state of New Jersey, however much we may be inclined to consider the case of Insurance Co. v. French, supra, and Muller v. Dows, supra, as inapplicable; and agree with the argument of learned counsel for appellee that, "if it is a conclusive presumption of law that a corporation is a citizen of a state by whose laws it is created, is it not equally a conclusive presumption of law that a corporation which is a citizen of a state named was created such by the laws of the state?"

Our conclusion is that the first assignment of error is well taken. This conclusion is sufficient to reverse the case, but, as the error in question may be cured by amendment in the court below, and the case retried, we proceed to consider the other assignments of error.

The second and third can be considered together. They are, in substance, that the original petition and the supplemental and

amended petition, taken together, as they must be, because the amended petition reiterates all the allegations of the original petition except as the same are altered by the amended petition, are too vague, inconsistent, and contradictory in their allegations to demand an answer, or enable the defendant to safely answer the same, and go to trial thereunder. It cannot be denied that the allegations of the original and amended petitions, taken together, are vague, inconsistent, and conflicting, and that this criticism will apply to the amended petition considered by itself. It is easy to gather from the petitions that, in the causes which resulted in and produced the death complained of, the negligence of a fellow servant intervened. That being the case, the responsibility of the company for the acts complained of, under the matter as generally stated in the petitions, could only result from the failure on the part of the company either to furnish suitable appliances and machinery, or to neglect and fail to use due diligence and care in the employment of the servants through whose negligence the death resulted. A critical examination of the original and amended petitions shows that neither one of these acts on the part of the company is sufficiently charged to put the defendant company on its defense. Under the practice in Louisiana the defendant is entitled to a clear and concise statement of the causes of action. Code Pr. art. 172.

The fourth assignment of error presents the question whether the right of action for damages sustained by the death of Otto Johnson survives in favor of the plaintiff, widow of said Otto Johnson, and tutrix of the minor children of the said Otto Johnson. The articles of the Civil Code necessary to consider are the following:

"Art. 2315 (2294). Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it; the right of this action shall survive, in case of death, in favor of the minor children cr widow of the deceased, or either of them, and in default of these, in favor of the father or mother, or either of them, for the space of one year from the death. The survivors above mentioned may also recover the damages sustained by them by the death of the parent or ch'ld, or husband or wife, as the case may be. Art. 2316. Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence or his want of skill. Art. 2317. We are responsible not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable. * * * Art. 2320. Masters and employers are responsible for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed."

The contention of the plaintiff in error is that article 2315, as amended, refers only to acts of commission, and that, under the proper construction of that article and the succeeding articles, provision is made for no survivor of action in case of death, except where death resulted from acts of commission; and the learned counsel cites the well-known state of both the common and civil law with regard to the survival of actions, and the cases of Asher v. Cabell, 50 Fed. 818,[1] and Hendrick v. Walton, 69 Tex. 192, 6 S. W. 749, as showing that the right of action for death is not to be ex-

[1] 1 C. C. A. 693.

tended beyond the line drawn by the lawgiver; and he further cites Wood v. Stokes, 13 La. Ann. 143, to show that an amendment of one article of the Civil Code of Louisiana, when it contains no repealing clause, does not affect any other article not irreconcilable with such amendment; and thereupon contends that, as there is no repealing clause in the several acts amending article 2315 of the Code, said amendments introduce a limited survivorship as to the one article of the Code only.

Conceding the correctness of the authorities cited, still we do not concur in the conclusion reached by the learned counsel. Article 2315 and the other articles quoted from the Code of Louisiana are found in a chapter of the Code entitled "Of Offences and Quasi Offences." The first article (2315) lays down broadly the general proposition with regard to liabilities in cases of offenses and quasi offenses. The remaining articles are evidently explanatory and restrictive of the first. To give to the first article the narrow construction that it applies only to positive acts of commission is unwarranted by the terms of the article: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." To warrant the construction claimed, it should read in phraseology similar to the next article: "Every person is responsible for the damage he occasions by his wrongful acts." The application of article 2315 to acts of omission as well as to acts of commission has been frequent in the courts of Louisiana, and it has never been disputed that when death resulted from such acts of omission, or through the negligence of servants and employes for which the master was responsible, that the cause of action survived as permitted in said article. See Earhart v. Railroad Co., 17 La. Ann. 243; Frank v. Railroad Co., 20 La. Ann. 26; McCubbin v. Hastings, 27 La. Ann. 713; Vredenburg v. Behan, 33 La. Ann. 643; Walton v. Booth, 34 La. Ann. 913; Curley v. Railroad Co., 40 La. Ann. 811, 6 South. 103; Cline v. Railroad Co., 41 La. Ann. 1031, 6 South. 851; Id., 43 La. Ann. 327, 9 South. 122; Clements v. Electric Light Co., 44 La. Ann. 692, 11 South. 51; Myhan v. Electric Light Co., 41 La. Ann. 964, 6 South. 799; Clairain v. Telegraph Co., 40 La. Ann. 178, 3 South. 625. We are not disposed to indorse an innovation on the narrow grounds suggested.

The fifth assignment of error is that the lower court erred in overruling the fourth exception to the plaintiff's petition, to the effect that the said amended and supplemental petition alleges that the said Otto Johnson was injured and killed in the course of an employment, the risk of which he assumed, and by his own carelessness, or by the act of a fellow servant, the risks of whose carelessness he, the said Johnson, also assumed, or both, and that the said petition states no cause of action against this defendant. This assignment of error is not well taken, because the said amended and supplemental petition does not allege directly or by permissible construction that the said Otto Johnson was injured and killed in the course of an employment, the risk of which he assumed, and by his own carelessness or by the act of a fellow

servant, the risks of whose carelessness he, the said Johnson, also assumed. As we have said before, the petition is vague, uncertain, and inconsistent, and no such clear-cut allegations as claimed by plaintiff can be found therein.

The judgment of the lower court is reversed, and the cause is remanded to said court to be therein further proceeded with, allowing amendments and awarding a new trial, as law and justice may require; appellee to pay the costs of appeal.