AMERICAN SUGAR-REFINING CO. v. TATUM.

(Circuit Court of Appeals, Fifth Circuit. December 19, 1893.)

No. 154.

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

This was an action by Arthur Robinson Tatum to recover damages against the American Sugar-Refining Company for personal injuries sustained while in its employment. There was a verdict for plaintiff in the sum of $4,000, and, a new trial being refused, defendant brought the case upon writ of error.

W. W. Howe and S. S. Prentiss, for plaintiff in error.

B. R. Forman, Wynne Rogers, and Joseph N. Wolfson, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and LOCKE, District Judge.

PARDEE, Circuit Judge. The plaintiff below, who is defendant in error, made the following allegations as to citizenship and as to jurisdiction of the lower court, and there is nothing in the record to supplement them:

"The petition of Arthur Robinson Tatum, a citizen of Louisiana, and residing in New Orleans, with respect shows that the American Sugar-Refining Company, a corporation domiciled and doing business in this city, and a citizen of New Jersey, and found within the eastern district of Louisiana, of which George S. Eastwicke is general manager, and authorized to accept service of legal process, is indebted to your petitioner in the sum of five thousand dollars ($5,000.00), for this, to wit."

The plaintiff below further stated his case as follows:

"That on and prior to the 20th day of June, 1892, your petitioner was employed by the said American Sugar-Refining Company as a laborer to work at their refinery situated in this city. That under said employment petitioner was employed to work in the fifth story of said refinery, and under said employment was required to watch and care for large tanks used for the purpose of receiving sugar that is pumped up through a large 18-inch pipe, running from said fifth story to the first floor of the said refinery. That, after said pumping of sugar ceases, and the tanks having sufficient, the said 18-inch pipe is cleaned by the engineer on the first floor by his turning on a strong force of steam through said pipe, which forces the sugar out, and thoroughly cleans said pipe; and, should any one be in close proximity to said pipe, he is liable to be scalded and killed. That said steam is always turned on immediately after the sugar-pumping ceases. That on said date, and at said place, without any warning, or notice by the said defendant

company or its agents or engineer in charge of the engine on the first floor to petitioner or to the workmen on the fifth floor, where your petitioner was working, and in close proximity to the said pipe, his employment requiring him to be there, the steam was turned on with a great force, although the pumping of sugar had long since ceased, and your petitioner was badly scalded and burned, which caused him great bodily injury and pain, maiming and disfiguring him for life, and rendering him less able to earn a living for himself and family, and causing him great mental and physical pain, whereby he has been disabled from that day to the present, and will continue to be so for the balance of his life, or for a long time to come. That your petitioner was using due diligence and care on his part, and that the defendant company could have prevented the said disaster by the employment of a competent and trustworthy engineer, and by the use of proper appliances for the giving notice by the engineer to the occupants of the upper story, where your petitioner was engaged, either by messenger, bell, or speaking tube, which they neglected and failed to do. That it is the legal duty of the defendant company to maintain and employ competent foremen, workmen, and engineers to superintend, manage, and care for and direct their work, and thus prevent the disaster which occurred to your petitioner, and which they failed to do. That your petitioner was lawfully compelled and directed to be in the place where he was injured, and had no notice or warning of the danger, and same was caused by the gross neglect of duty on their part by not having the proper appliances and competent, faithful, and trustworthy workmen and employes."

Defendant excepted to said petition, and the plaintiff amended as follows:

"The supplemental and amended petition of Arthur Robinson Tatum with respect shows: That in conformity with the order of the honorable judge presiding in the above-mentioned court, petitioner reiterates all the allegations of his said original petition filed herein, except in so far as the same is altered by this amended petition; and alleges further that the said Arthur R. Tatum was employed as a laborer by the said American Sugar-Refining Company, to work at their refinery, situated in this city; and that under said employment he was caused to work in the fifth story of said refinery, and was required to watch and care for large tanks used for the purpose of receiving sugar, which was to be pumped up from the first floor into said tanks, which pumping was to be done by means of machinery operated by steam power, and which machinery was run by an engineer stationed on the ground floor of said refinery. That it is the custom and usage of said refinery that, immediately after the said tanks are sufficiently filled with sugar, warning is given to the occupants and workmen on the said fifth floor, where said tanks were situated. That the pipe which conveys the sugar to said tanks is blown out by injecting a strong force of steam, which warning prevents the occupants of said floor from being within close proximity to said pipe, their business requiring them otherwise to be engaged within close proximity to said pipe. That it is necessary that said pipe be cleaned by injecting a force of steam immediately after said pumping ceases, otherwise same would corrode, and would become clogged. That on the date mentioned, long after said pumping had ceased, and contrary to the custom and usage of said refinery, the said refinery, through an incompetent, irresponsible, and untrustworthy person employed by them as an engineer in charge of said machinery, and without any warning or notice whatsoever to your petitioner, who was engaged in his usual employment of stirring the contents of said tanks, a strong force of steam was suddenly sent through said pipe, terribly scalding and burning your petitioner, which caused him great bodily injury and pain, and maiming and disfiguring him for life, and rendering him less able to earn a living for himself and family, and causing him great mental and physical pain, whereby he has been disabled from that day to the present, and will continue to be so for the balance of his life, or for a long time to come. That your petitioner, at the time he received the injury aforesaid, was engaged in his usual employment in said refinery, using due diligence and care on his part. Petitioner further avers that the said dis-

aster was caused solely by the neglect and gross carelessness of the said American Sugar-Refining Company, and that they could have prevented the said disaster if they had used due diligence and care in the employment of a competent and trustworthy engineer, and by the use of proper appliances for the giving notice to the occupants of the upper story, where your petitioner was engaged, either by messenger or bell or speaking tube, all of which they neglected and failed to do. Your petitioner alleges that by reason of the said carelessness and neglectful acts of the said American Sugar-Refining Company aforesaid he has been damaged in the full sum of five thousand dollars ($5,000.00)."

### The defendant below excepted further, as follows:

"And now comes defendant, and also excepts to the 'supplemental and amended petition' of plaintiff, as well as to the original petition, and says: (1) That said petition, in its allegations, as well as in connection with said original, is too vague and contradictory in its allegations to demand an answer, or enable defendant to safely answer the same. And, if this exception be overruled (2) that, as appears on the face of the said petition, the plaintiff avers that he was injured in the course of an employment, the risks of which he assumed, and by the act of a fellow servant or servants in the same employment, the risks of whose carelessness he also assumed; and the said petitions show no cause of action in the premises. And defendant prays that these exceptions be maintained, and the suit dismissed with costs."

These exceptions were overruled, and, reserving the points made by them, the defendant below answered, with general and special denials as to any neglect on its part, in any respect, as charged, and further stated as follows:

"Respondent further avers that, even if plaintiff was injured through any fault or negligence of respondent, its agents, representatives, or employes, as stated in the petitions (which is not admitted but specially denied), yet, even in such case, plaintiff cannot recover, because the said plaintiff was careless and neglectful in the premises, and by his own fault and negligence contributed to the accident alleged and complained of in the petitions, and to its results. Respondent specially denies the allegation in said petitions that plaintiff was using due care and diligence in the premises. Respondent further avers that if plaintiff was injured by the negligence of any employe of respondent, such employe was a fellow servant of plaintiff, the risk of whose negligence plaintiff assumed. Respondent further avers, that plaintiff was familiar with the appliances used in said refinery, and the manner in which his work should be done, and in which the work was carried on; and that he assumed all the risks of his employment arising from either the nature of the work, the machinery and appliances, or the negligence of his fellow servants."

The cause was tried before a jury, who rendered a verdict for $4,000, and, a new trial being refused, the case is brought to this court by writ of error, and the following assignment of errors was made:

"(1) The court erred in entertaining jurisdiction of the said cause, and rendering said judgment, said court, on the face of the record, having no jurisdiction of the cause, and the averments of citizenship of this defendant, as stated in the petitions, not being sufficient to give jurisdiction to the court, and there being no federal question in the cause. (2) Said court erred in overruling the first exception to the supplemental and amended petition, as well as to the original petition, filed in this cause on the 15th day of February, 1893, and in requiring defendant to answer in the cause; the said supplemental and amended petition of the plaintiff, and the original petition as well, and the same when taken together, being too vague and contradictory in their allegations to demand an answer, or enable defendant to safely answer the same. (3) Said court erred in overruling the second ex-

ception filed in this cause on the 15th day of February, 1893, to the supplemental and amended petition, as well as to the original petition, it appearing on the face of said petitions that the plaintiff was injured in the course of an employment, the risk of which he assumed, and by the act of a fellow servant or servants in the same employment, the risks of whose carelessness he also assumed, and the petition showing no cause of action in the premises. (4) The said court erred in giving the charge to the jury at the request of plaintiff, and against the objection of defendant, in the following words: 'That, where it is the custom or uniform practice of a company to give certain signals to warn workmen of approaching danger, or that anything will be done requiring them to repair to a place of safety, and by the failure to give such signal a workman or employe is injured, the company is liable. It is, in such case, not negligence on the part of the workman to rely upon such signal being given; but it is negligence of the company to omit to give such customary signal,'—as more fully appears from the bill of exceptions allowed, signed, and filed herein on the 10th day of April, 1893."

The questions presented as to the jurisdiction of the circuit court, and of the sufficiency of the original and amended petitions, are the same as in the case of Refining Co. v. Johnson (just decided) 60 Fed. 503, and they must be ruled in the same way.

The questions presented by the other assignments of error need not be considered, as they may not arise on another trial of the case. For the reasons assigned in Refining Co. v. Johnson, the judgment of the circuit court is reversed, and the cause is remanded, with instructions to permit amendments and award a new trial as law and justice may require, the appellee to pay the costs of this court.