### FARMERS' OIL & GUANO CO. v. DUCKWORTH CO.

(Circuit Court of Appeals, Fifth Circuit. October 5, 1914.)

No. 2552.

1. COURTS (§ 280*)—FEDERAL COURTS—DETERMINATION OF QUESTIONS OF JURISDICTION.

In a federal appellate court, the question of the jurisdiction of that court, and of the trial court, must be determined, whether raised by the parties or not.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 816–818; Dec. Dig. § 280.*]

2. COURTS (§ 280*)—FEDERAL COURTS—JURISDICTION—HOW SHOWN.

In the federal courts, jurisdiction must affirmatively appear in the record.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 816–818; Dec. Dig. § 280.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. COURTS (§ 322*)—JURISDICTION OF FEDERAL COURTS—CITIZENSHIP OF CORPORATION—SUFFICIENCY OF ALLEGATION.

Allegations, in the petition in an action in a federal court, that plaintiff is a "corporation of New Jersey" and defendant is a "corporation of Georgia," are not the equivalent of allegations that the corporations were organized under the laws of such states, and are not sufficient to show the requisite diversity of citizenship to give the court jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 876–881, 887; Dec. Dig. § 322.*

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

In Error to the District Court of the United States for the Southern District of Georgia; Emory Speer, Judge.

Action at law by the Duckworth Company against the Farmers' Oil & Guano Company. Judgment for plaintiff, and defendant brings error. Reversed.

This is a suit brought to recover damages for breach of contract of sale of cotton for future delivery. In the petition commencing the suit the plaintiff below, as to jurisdiction, alleged as follows:

"First. That it is a corporation of the state of New Jersey, and was a corporation of the said state at the times hereinafter mentioned.

"Second. Your petitioner shows that the Farmers' Oil & Guano Company is a corporation of the state of Georgia, now having its principal place of business at Sandersville, in the county of Washington, in said state, within said circuit and district, and had its principal place of business therein at the times hereinafter mentioned, and is hereinafter called the defendant."

The petition further averred that among other objects for which the defendant was incorporated was buying and selling seed or lint cotton, and that on the 18th day of September, 1909, the said defendant through its president sold to petitioner 300 bales of cotton, basis good middling at 12⅝¢ f. o. b. Savannah, October shipment, a copy of the memorandum of sale being as follows:

"Savannah, Ga., September 18, 1909.

"Messrs. The Duckworth Company, Savannah, Georgia—Dear Sirs: We confirm the sale to you of 300 bales, basis good middling, at 12⅝ cents, f. o. b. Savannah, October shipment, weights and grades to be determined in Savannah, subject to the rules of the Savannah Cotton Exchange, weights to be fifty thousand pounds per hundred bales 5% more or less.

"Yours very truly,                    Farmers' Oil & Guano Co.,
                                              "J. C. Cooper, Pres't."

The petition further alleges:

"Fifth. Your petitioner further shows that on the 21st of October, 1909, the said defendant, through its president, J. C. Cooper, agreed to sell said contract of sale with your petitioner on a cash basis at market differences on or before the last day of October, 1909, in lieu of shipping the cotton as per contract, a copy of said agreement being as follows:

"'Savannah, Ga., October 21, 1909.

"'Messrs. The Duckworth Company, Savannah, Georgia—Dear Sirs: Referring to our contract with you, dated September 18/09, for three hundred (300) bales at 12⅝¢, basis Gd. Midd., f. o. b. Savannah, we now beg to confirm conversation held this morning between the writer and your Mr. M. M. Hopkins, wherein it was agreed that we are to settle this contract with you on a cash basis at market differences on or before the last day of October, 1909, in lieu of shipping the cotton as per contract. Payment in cash to be made on day we agree upon for settlement. Settlement to be made at the average weight of fifty thousand pounds per one hundred bales.

"'Very truly yours,                    Farmers' Oil & Guano Co.,
                                              "'J. C. Cooper, Pres't.'

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

. "Sixth. Your petitioner further shows that the loss on said cotton, through the failure of said defendant to deliver the same as agreed on, was the sum of three thousand one hundred and eighty-seven and $50/100$ dollars ($3,187.50), besides interest from the 30th day of October, 1909, whereby said defendant became indebted to your petitioner in the said sum of three thousand one hundred and eighty-seven and $50/100$ dollars ($3,187.50), besides interest as aforesaid."

The defendant by answer admitted the contract of the sale of cotton for future delivery but denied liability for the sale on the ground that it was a wagering contract, and further that the plaintiff had suffered no damages whatever by the breach of the contract.

Upon this defense coming in, the plaintiff amended his petition by adding the following paragraph, to wit: "Petitioner further shows that said defendant has acted in bad faith, has been stubbornly litigious, and has caused the plaintiff unnecessary trouble and expense, whereby petitioner is entitled to recover expense of the litigation and his reasonable attorney's fees."

The case came on for trial, and thereon verdict was directed in favor of plaintiff in the amount claimed, but leaving to the jury the question as to whether the plaintiff could recover for attorney's fees on account of stubborn and litigious defense claimed. In the assignment of errors in this case, special stress is laid upon excess of damages as instructed by the court and the allowance of counsel fees as found by the jury, but no question of jurisdiction is presented.

Alexander Akerman, Charles Akerman, and John R. Cooper, all of Macon, Ga., for plaintiff in error.

George W. Owens, of Savannah, Ga., for defendant in error.

Before PARDEE and SHELBY, Circuit Judges, and FOSTER, District Judge.

PARDEE, Circuit Judge (after stating the facts as above). [1] Although not questioned in the District Court, nor by assignment of error in this court, the jurisdiction of the District Court is the real question now to be determined. In Morris v. Gilmer, 129 U. S. 315–326, 9 Sup. Ct. 289, 292 (32 L. Ed. 690), our duty is clearly declared as follows:

"On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relations of the parties to it."

[2] It is well settled in the federal courts that jurisdiction must affirmatively appear in the record. See Morris v. Gilmer, supra, and the cases there cited. This proposition has been announced and acted upon in very many cases in this court, and we announce it again for the information of the bar of this circuit.

[3] In this case, the sole showing of the diverse citizenship necessary to confer jurisdiction on the District Court is in substance the averments that the plaintiff is a corporation of the state of New Jersey and that the defendant is a corporation of the state of Georgia. A suit brought by a private corporation is practically a suit brought by all the stockholders of such corporation, and to give jurisdiction to the federal courts facts must be so specifically and sufficiently averred that the court on the record can conclusively presume that all the stockholders

of the plaintiff or defendant corporation are citizens of the particular state wherein the corporation claims citizenship.

In American Sugar Refining Company v. Johnson, 60 Fed. 503, 9 C. C. A. 110, this court, reviewing adjudged cases, considered the sufficiency of the showing necessary to confer jurisdiction on the federal court in suits by or against private corporations, and therein held that an averment that "the American Sugar Refining Company, a corporation domiciled and doing business in this city [New Orleans] and a citizen of New Jersey, and found within the Eastern district of Louisiana, and authorized to accept service of legal process, is indebted," etc., was insufficient, and the opinion concludes:

"From these considerations and authorities we conclude that in a suit for or against a corporation in the courts of the United States the matter of jurisdiction may be shortly stated as follows: That, in order to hold that a private corporation is a citizen of a particular state, within the meaning of the word 'citizen' as used in the judicial acts of the United States, and thereby conclusively presume that all of the shareholders of such corporation are citizens of the particular state, it must affirmatively appear that the corporation was created under the laws of such state; and it would seem that an averment that the body suing or sued is a corporation or a citizen or both of a particular state is insufficient."

See cases cited and Curtis on Jurisdiction, pp. 145–148; St. Louis & San Francisco Ry. Co. v. James, 161 U. S. 545, 562, 16 Sup. Ct. 621, 40 L. Ed. 802.

It may be noticed that, in further disposing of American Sugar Refining Co. v. Johnson, we said:

"This conclusion is sufficient to reverse the case; but, as the error in question may be cured by amendment in the court below, and the case retried, we proceed to consider the other assignments of error."

In the present case, identical in this particular aspect, we intended following much the same course; but as the judges were not all of the same mind as to the sufficiency of the assignments of error in relation to damages, and as the lamentable death of Judge Shelby has intervened, necessarily changing the personnel of the court, and as on sufficient averments and a new trial the precise questions may not again arise, we pretermit all further discussion of the case.

The judgment of the District Court is reversed, and the cause is remanded, with instructions to dismiss the same, unless by proper and sufficient averments the jurisdiction of the court shall be shown, in which case a new trial may be awarded.