NEWCOMB et al. v. BURBANK et al.

(Circuit Court, S. D. New York. December 10, 1907.)

DISCOVERY—BOOKS AND PAPERS—INSPECTION—PHOTOGRAPHIC COPIES.

Rev. St. § 721 [U. S. Comp. St. 1901, p. 583], provides that the courts of the United States in actions at law may require production of writings containing evidence pertinent to the issue in cases and under circumstances where they may be compelled to produce the same by the ordinary chancery rules. *Held*, that where plaintiffs sued on a document alleged to have been signed by defendants' decedent, which defendants claimed was a forgery, and defendants alleged that plaintiffs had in their possession letters purporting to have been signed by deceased, written in the same handwriting as the document sued on, in which reference was made thereto, defendants were entitled to an order under such section requiring plaintiffs to produce such letters for defendants' inspection

and to permit photographic copies to be made thereof under proper restrictions.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, § 118.]

Hawkins & Delafield, for the motion.
Dailey & Williams, opposed.

WARD, Circuit Judge. The plaintiffs, as executors of Mary Newcomb, deceased, have sued the defendants, as executors of Ambrose B. Burbank, deceased, upon a document whereby Burbank gave Newcomb securities of the value of $100,000. This document has been examined by experts employed by the defendant, who state that it is a forgery. The defendant alleges that the plaintiffs have in their possession eight letters, purporting to be signed by Burbank, written in the same handwriting as the documents sued upon, in which reference is made to that document, or to the gift, or to the bonds; and he applies for an order, under section 724, Rev. St. U. S. [U. S. Comp. St. 1901, p. 583], upon the plaintiffs to permit an inspection and the taking of photographic copies of these letters.

The plaintiffs do not deny that they have the letters, or that they are in the same handwriting as the document sued upon. If forged, their existence certainly will aid the defense, and the defendant is entitled to such discovery as chancery practice will permit. Three of the letters have already been examined by experts on behalf of the defendant. At the argument I was inclined to think that the court had no power to compel the plaintiffs to permit the letters to be photographed; but section 724 is and should be liberally construed. It says nothing about permitting copies of the papers produced to be made; but that is always allowed. Photographing is a form of copying, and the only form which will reproduce erasures or alterations, or, as in this case, will furnish a fac simile of the handwriting that may be compared with writings known to be genuine. Therefore I will grant the motion as to the letters dated December 10, 1897, May 2, 1899, September 15, 1900, June 27, 1901, and December 31, 1902, which have not been examined by experts on behalf of the defendant

The order must be in such terms as will make it certain that the letters will not be injured or the possession of the plaintiffs disturbed; and, if the parties cannot agree on these points, they will be settled by the court on notice.