RUST v. UNITED WATERWORKS CO., Limited.

(Circuit Court of Appeals, Eighth Circuit. October 7, 1895.)

No. 609.

1. CIRCUIT COURT OF APPEALS—JURISDICTION.
When a final judgment or decision has been rendered in a district or circuit court of the United States, involving both questions of jurisdiction and other questions, the party against whom it is rendered may elect to take his writ of error to the supreme court, upon the question of jurisdiction alone, or to the circuit court of appeals, upon the whole case. When he chooses the latter course, the circuit court of appeals has jurisdiction to determine the question of the jurisdiction of the court below, as well as all other questions in the case.

2. SAME—FINAL JUDGMENT.
A judgment, rendered in the circuit court, upon a petition of the receiver of a corporation against which a judgment has been entered, praying to have such judgment against the corporation opened, and for leave to come in and defend the action, which denies such petition, is a final judgment, and may be reviewed by the circuit court of appeals on writ of error.

3. WRIT OF ERROR—PARTIES.
Where a judgment has been rendered by default against a corporation, and a receiver thereof afterwards presents a petition asking for leave to come in and defend the action, upon which petition a judgment is entered denying the same, it is no objection to a writ of error by the receiver, to review such judgment on his petition, that he was not a party to the judgment against the corporation, nor that, being appointed by the courts of another state, he has no authority to prosecute a writ of error to review the judgment against the corporation.

4. RECEIVERS—SUITS IN FOREIGN JURISDICTION.
When the receiver of a corporation, appointed by a court of the state of its creation, presents a petition to a court in another jurisdiction to have a judgment against such corporation opened, and for an opportunity to defend the suit, such court has power to authorize him to defend such action in its jurisdiction, as it would have power to appoint him receiver, and authorize him to bring and defend suits, generally.

5. CORPORATIONS—POWERS IN FOREIGN STATES.
In the absence of statutes in other jurisdictions modifying them, the grants and limitations of the franchises of a corporation, and of the powers of its officers and agents, contained in the general laws of the state under which it is incorporated, constitute the law of its existence, and go with it into every jurisdiction in which it is permitted to act, and there govern and limit those franchises and powers to the same extent as in the place of its creation. Accordingly, *held*, that where the officers and agents of an insolvent corporation had been enjoined, pursuant to the laws of the state of its creation, from exercising any of its powers or franchises, or using its name, for any purpose, by a court having jurisdiction of the corporation and its property, which had appointed a receiver of the corporation, such officers and agents could not lawfully enter an appearance for such corporation in an action brought against it in another jurisdiction, so as to authorize a judgment against it.

6. SAME — DOMICILE — EFFECT OF PURCHASE OF PROPERTY — COLORADO CONSTITUTION.
A New Jersey corporation which purchases the property of corporations of Colorado and Illinois, and complies with the statutes of Colorado relative to foreign corporations, by designating a place of business in that state, and otherwise, does not thereby become a Colorado corporation, by virtue of the provision of the Colorado constitution (article 15, § 14) which provides that, if a corporation of that state shall consolidate with a foreign corporation, it shall not thereby become itself a foreign corporation.

7. FEDERAL COURTS—JURISDICTION—DISTRICT OF RESIDENCE OF PARTIES.

Under the acts of congress of March 3, 1887, and August 13, 1888, a corporation organized in one state only cannot be sued in a federal court for any other state than that of its incorporation, except by a citizen of the former state, unless it waives its privilege by a general appearance, or equivalent action.

8. SAME—SERVICE OF PROCESS.

In a personal action against a corporation, brought in a state in which it is not incorporated, does no business, and has no agent, and in which no property is seized, service of the summons on an officer of the corporation temporarily within the jurisdiction is futile. Goldey v. Morning News, 15 Sup. Ct. 559, 156 U. S. 518, followed.

In Error to the Circuit Court of the United States for the District of Colorado.

On September 18, 1894, in an action in the court below in which the United Waterworks Company, a corporation of the state of New York, was plaintiff, and the American Waterworks Company, a corporation of the state of New Jersey, was defendant, a judgment for the sum of $118,512.50 was rendered in favor of the former, and against the latter. On September 26, 1894, E. Hyde Rust, the receiver of the defendant corporation, the plaintiff in error, filed in that court a petition that the execution upon that judgment be stayed, that the judgment be vacated, and that he be permitted to appear specially in the action, and plead to the jurisdiction of the court to enter the judgment, and to make such other defenses to the action as there might be on behalf of the defendant corporation. The United Waterworks Company answered this petition, the plaintiff in error filed a reply to this answer, a hearing was had upon these pleadings, and a judgment was rendered in the court below that the prayer of the petition be denied. The writ of error in this case was sued out to review this judgment.

The material facts admitted by these pleadings are these: The American Waterworks Company was a corporation organized under the general laws of the state of New Jersey. Those laws provided that whenever a corporation organized under them became insolvent, and was not about to resume its business with safety to the public and advantage to its stockholders, the chancellor might enjoin its officers and agents from exercising any of its privileges or franchises, from collecting or receiving any debt, or from paying out, selling, assigning, or transferring any of the estate, moneys, funds, lands, tenements, or effects of the company, and might appoint a receiver or trustee, with full power to demand, sue for, collect, receive, and take into his possession all the goods and chattels, rights and credits, moneys and effects, lands and tenements, books, papers, choses in action, bills, notes, and property of every description, belonging to the company at the time of its insolvency or suspension of business, and to sell, convey, or assign all the said real or personal estate. Those laws further provided that the receiver or trustee so appointed should be taken to be a receiver or trustee for the creditors and stockholders of the company for which he was appointed, with full power and authority to institute suits at law or in equity in his or its name, as receiver or trustee, for the recovery of any property or demands existing in favor of the company, and with full power and authority to compound and settle with any debtor of the company, or any person having possession of its property, or in any way responsible to the company on such terms as the receiver or trustee should deem beneficial. Revision 1877, p. 189 et seq., §§ 70, 72, 77. On April 8, 1892, certain creditors and certain stockholders of the American Waterworks Company, which was then insolvent, filed a bill in the court of chancery in the state of New Jersey for an injunction against its officers and agents, and for the appointment of a receiver or trustee, pursuant to these statutes. On July 20, 1892, the chancellor appointed the plaintiff in error receiver of the property of said corporation, upon this bill, with power to discharge all the duties imposed upon him by the statutes of New Jersey and by the appointment of the chancellor, and enjoined the corporation, its officers, directors, agents, and attorneys,

from receiving any debts due to the corporation, from paying or transferring any of its money or property, from continuing its business, from exercising any of the franchises and privileges of its charter, and from attempting to use the name of the corporation, or any of its privileges or franchises, for any purpose whatever. In February, 1892, Clarence H. Venner was, and ever since has been, one of the vice presidents of the American Waterworks Company, and that corporation had no president. In February, 1892, he employed Messrs. Teller & Orahood as attorneys for the American Waterworks Company in the state of Colorado, and authorized them to appear for that company in all litigation in which the corporation was interested in that state. Teller & Orahood subsequently became members of the firm of Teller, Orahood & Morgan. Clarence H. Venner and the American Waterworks Company appeared in the chancery court of New Jersey, and defended the suit, which resulted in the appointment of the plaintiff in error as receiver and trustee for the creditors and stockholders of that corporation, and in enjoining him, his corporation, and all its agents and attorneys, from exercising any of the powers or franchises, or using the name, of that corporation, for any purpose whatever. In January, 1894, Messrs. Teller & Orahood were fully advised of this injunction, and of the appointment of the plaintiff in error as receiver and trustee under these statutes of New Jersey, and of his qualification as such, pursuant to the decree of the chancery court of New Jersey. Clarence H. Venner was in 1894 the president of the defendant in error, the United Waterworks Company, at the same time that he was vice president of the American Waterworks Company. On August 18, 1894, the United Waterworks Company filed its complaint in the court below for the recovery from the American Waterworks Company of $100,000 and interest, upon certain promissory notes, which had been made in 1891 by the American Waterworks Company, by C. H. Venner and another of its officers, which were payable to the order of C. H. Venner & Co., and which, the United Waterworks Company alleged, had been purchased by it for value. The American Waterworks Company was not then doing business in the state of Colorado, nor had it been for many months, but the summons in that action was, on the same day that the complaint was filed, served on Clarence H. Venner, in Denver, Colo., as a stockholder and a vice president of that corporation. On the same day Messrs. Teller, Orahood & Morgan entered the general appearance of the American Waterworks Company in that action, but they never demurred, answered, or took any further steps therein. Upon this service and appearance a default was entered, and the clerk of the court, on September 18, 1894, entered a judgment on this default for $118,512.50. The plaintiff in error alleged, in his petition to vacate this judgment, and the United Waterworks Company, in its answer, denied, that the American Waterworks Company had a defense to the promissory notes on the ground that C. H. Venner & Co. owed the Waterworks Company more than the amount of the notes, and that the United Waterworks Company took them subject to this defense. Upon this state of the case, the court below denied the application of the plaintiff in error for a stay of execution on the judgment, for its vacation, and for leave to interpose pleas to the jurisdiction of the court, and defenses to the recovery this judgment evidences. This ruling is the foundation of all the assignments of error in this case.

Joel F. Vaile, for plaintiff in error.

Caldwell Yeaman, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge (after stating the facts). Before considering the merits of this case, it is necessary to dispose of a preliminary question. The defendant in error challenges the jurisdiction of this court to hear and determine the questions presented by the assignments of error. It moves to dismiss the writ of error on four grounds.

1. Because the jurisdiction of the court below to render the judgment against the American Waterworks Company, which the plaintiff in error, the receiver of that company, sought by his petition to vacate and to defend against, was in issue at the hearing below, which resulted in the judgment denying the prayer of the petition, and it maintains that this question of jurisdiction can only be reviewed by the supreme court of the United States. But the plaintiff in error, by the allegations in his petition, placed his claim for an order vacating the judgment against the American Waterworks Company, and permitting him to answer for that company, on two grounds: That the court had no jurisdiction to render the judgment; and, if it had, that the judgment was obtained by collusion, in fraud of the rights of the corporation and of the plaintiff in error, and that they had a meritorious defense to the action, which he ought to be permitted to interpose. The judgment below denied him relief on either of these grounds, and the latter did not necessarily involve any question of jurisdiction. When a final judgment or decision has been rendered in a district or a circuit court of the United States, the party against whom it is rendered may elect to take his writ of error to the supreme court, upon the question of jurisdiction alone, or to the circuit court of appeals, upon the whole case. When he chooses the latter course, the circuit court of appeals has jurisdiction to determine the question of the jurisdiction of the court below, as well as all other questions in the case properly presented to it for consideration. McLish v. Roff, 141 U. S. 661, 668, 12 Sup. Ct. 118; Crabtree v. Madden, 4 C. C. A. 408, 410, 54 Fed. 426; Crabtree v. Byrne, 4 C. C. A. 414, 54 Fed. 432; Sugar-Refining Co. v. Johnson, 9 C. C. A. 110, 60 Fed. 503; Sugar-Refining Co. v. Tatum, 9 C. C. A. 121, 60 Fed. 514.

2. Because the judgment which denied the prayer of the petition of the plaintiff in error was not a final judgment or decision. But that judgment denied the plaintiff in error all relief in the action in which he filed his petition, and finally determined all his rights therein. A final decision, which completely determines the rights, in the suit in which it is rendered, of some of the parties, who are not claimed to be jointly liable with those against whom the suit is retained, and a final decision which completely determines a collateral matter distinct from the general subject of litigation, and finally settles that controversy, is subject to review in this court by appeal or writ of error. Standley v. Roberts, 8 C. C. A. 305, 59 Fed. 836; Central Trust Co. of New York v. Marietta & N. G. Ry. Co., 1 C. C. A. 116, 48 Fed. 850; Grant v. Railroad Co., 1 C. C. A. 681, 50 Fed. 795; Potter v. Beal, 2 C. C. A. 60, 50 Fed. 860; Jacksonville, T. & K. W. Ry Co. v. American Construction Co., 6 C. C. A. 249, 57 Fed. 66; Withenbury v. U. S., 5 Wall. 819; Williams v. Morgan, 111 U. S. 684, 4 Sup. Ct. 638; Hill v. Railroad Co., 140 U. S. 52, 11 Sup. Ct. 690; Forgay v. Conrad, 6 How. 201, 204; Bronson v. Railroad Co., 2 Black, 524, 529; Thomson v. Dean, 7 Wall. 342, 345; Trustees v. Greenough, 105 U. S. 527.

3. Because the plaintiff in error was not a party to the action in the case of the United Waterworks Company v. The American

Waterworks Company, in which the judgment was rendered by default against the latter company, and therefore was not entitled to a writ of error to review that judgment. But the plaintiff in error was a party to his own petition for the vacation of that judgment, and for leave to defend that suit, and to the judgment which finally denied him any of that relief. It is the latter judgment which he seeks to review, and that he is entitled to have reviewed by this court through this writ.

4. Because the plaintiff in error, a receiver, appointed by a court of the state of New Jersey, has no authority to prosecute a writ of error in this court to review a judgment against the corporation for which he was appointed receiver. But it is not the judgment against the corporation, but the judgment against himself, as we have said, that he seeks to review by this writ.

The motion to dismiss the writ cannot be sustained on any of these grounds, and it is denied.

Counsel for the defendant in error interpose another objection to the consideration of the merits of this case. It is that the appointment of the plaintiff in error as receiver of the American Waterworks Company, and as trustee for its stockholders and creditors, was without force, beyond the jurisdiction of the chancery court of New Jersey, which appointed him, and hence that he was without power to sue or to defend suits for that corporation in the courts of Colorado. He cites in support of this position Booth v. Clark, 17 How. 322, 328; Second Nat. Bank v. New York Silk-Manuf'g Co., 11 Fed. 532; Wilkinson v. Culver, 25 Fed. 639; Hazard v. Durant, 19 Fed. 471; Olney v. Tanner, 10 Fed. 101, 104; and like cases. But this objection begs the question at issue. The question before the court below was not whether or not, without its order or permission, the plaintiff in error had the power or the authority to defend the action against the American Waterworks Company, but whether or not, upon the facts disclosed by his petition and the answer to it, that court ought to give him permission and authority so to do. It goes without saying that the court below had the power, upon the presentation to it of the decree of the court of chancery of the state of New Jersey appointing the plaintiff in error the receiver of the property of this insolvent corporation, and the trustee for its creditors and stockholders, to appoint him a receiver and trustee, with the same powers, in the district of Colorado, and to authorize him to sue for, and to defend suits against, the waterworks company in that district in the name of the corporation, or in his own name. This power was exercised in this very receivership by Judge Caldwell, in the circuit court of the United States for the district of Nebraska. The whole is greater than any of, and includes all, its parts. If the court below had authority, on the application of the plaintiff in error, to allow and authorize him to defend all actions against the American Waterworks Company, it had the jurisdiction and power to permit him, on his application, to defend the single action here in question. This objection is untenable. It probably was not very much relied upon, for it does not appear to have been made or considered in the court below. The record discloses

the fact that counsel for plaintiff in error answered to the merits of the petition in that court without raising this objection.

We turn to the merits of the case. May the officers and attorneys of an insolvent corporation, who had been enjoined from exercising any of its powers or franchises, and from using its name, for any purpose whatever, by a court which had jurisdiction of the corporation and of its property, and which had appointed a receiver of the corporation, and a trustee for its creditors and stockholders, and issued such an injunction in the state of its incorporation, pursuant to the statutes under which it was incorporated, lawfully confess a judgment against it in another state, or so act on its behalf that such a judgment may be obtained by default? The principles in accordance with which this question must be answered are nowhere more clearly and concisely stated than by Chief Justice Waite in the opinion of the supreme court in Railway Co. v. Gebhard, 109 U. S. 527, 537, 3 Sup. Ct. 363, where he says:

"A corporation 'must dwell in the place of its creation, and cannot migrate to another sovereignty' (Bank v. Earle, 13 Pet. 588), though it may do business in all places where its charter allows and the local laws do not forbid (Railroad v. Koontz, 104 U. S. 12). But wherever it goes for business it carries its charter, as that is the law of its existence (Relfe v. Rundle, 103 U. S. 226), and the charter is the same abroad that it is at home. Whatever disabilities are placed upon the corporation at home, it retains abroad, and whatever legislative control it is subjected to at home must be recognized and submitted to by those who deal with it elsewhere. A corporation of one country may be excluded from business in another country (Paul v. Virginia, 8 Wall. 168), but, if admitted, it must, in the absence of legislation equivalent to making it a corporation of the latter country, be taken, both by the government and those who deal with it, as a creature of the law of its own country, and subject to all the legislative control and direction that may be properly exercised over it at the place of its creation. Such being the law, it follows that every person who deals with a foreign corporation impliedly subjects himself to such laws of the foreign government, affecting the powers and obligations of the corporation with which he voluntarily contracts, as the known and established policy of that government authorizes."

The statutes of New Jersey, under which the American Waterworks Company was incorporated, then, constituted its charter, granted its franchises, limited their duration and extent, and provided how and by whom they should be exercised. These statutes provided that these franchises should be exercised by its directors and other officers and agents chosen by the corporation itself until it should become insolvent, but that when it became insolvent, and the court of chancery in New Jersey so ordered, all of these officers and agents should cease to use its franchises and its name for any purpose whatever, and a person appointed by that court as the receiver of the property of the corporation, and as trustee for its stockholders and creditors, should succeed to its property, and to the right to act for the corporation. The effect of these statutes was to limit the time within which the officers and agents chosen by that corporation might exercise its franchises and privileges to the period anterior to the issue of the injunction by the chancellor restraining them from so exercising them in accordance with the provisions of those laws. Every officer, attorney, and agent of that corporation was charged with knowledge of this limitation, and took

his authority and power subject to it. When, in February, 1892, Clarence H. Venner, as vice president of the American Waterworks Company, employed Messrs. Teller & Orahood to appear for that corporation in its lawsuits in Colorado, that limitation conditioned his power to employ them, and their authority to act for the corporation. When, on July 20, 1892, the court of chancery of New Jersey appointed the plaintiff in error receiver and trustee, and, pursuant to the statutes of New Jersey which were the law of its being, enjoined "its officers, directors, agents, and attorneys * * * from continuing its business, or exercising any of the franchises and privileges of its charter, * * * or attempting to use its name and its privileges and franchises, for any purpose whatever," it fixed a limit of time to their authority to act on behalf of this corporation. The charter of the corporation as effectually limited the powers of these officers and agents to the time anterior to the issue of this injunction as if it had expressly declared that they should not have or exercise these powers subsequent to July 20, 1892. Venner was in court, contesting the application for the appointment of this receiver, when this injunction was granted. Teller & Orahood were fully advised of this action of the court of chancery of New Jersey long prior to August, 1894. The inevitable result is that the authority of Teller, Orahood & Morgan to appear in court for, or to use the name of, the American Waterworks Company of New Jersey, in any lawsuits in the state of Colorado, for or against it, had expired, by virtue of this limitation in the charter of the corporation, long before they entered their appearance for it, on August 18, 1894, in the action of the United Waterworks Company against that corporation, and that action and judgment stand as though no such entry had ever been made. In the absence of statutes in other jurisdictions modifying them, the grants and limitations of the franchises of a corporation, and of the powers of its officers, attorneys, and agents, contained in the general laws of the state under which it is incorporated, constitute the law of its existence, go with it into every jurisdiction in which it is permitted to act as a corporation, and there govern and limit those franchises and powers to the same extent as in the place of its creation. Relfe v. Rundle, 103 U. S. 222, 225; Railway Co. v. Gebhard, supra; Parsons v. Insurance Co., 31 Fed. 305, 308, 309; Bockover v. Association, 77 Va. 85. How do this action and judgment stand, then, when stripped of the attempted appearance of the American Waterworks Company by these attorneys? The defendant in error alleged in the complaint in that action that it was a corporation organized under the laws of the state of New York, and that the American Waterworks Company was a corporation organized under the laws of the state of New Jersey. In its answer to the petition of the receiver of the American Waterworks Company, it attempted for the first time to show that the latter company was also a corporation of the state of Colorado. This endeavor rests upon the facts that in 1891 a corporation of Colorado and a corporation of Illinois sold and conveyed all their property to the American Waterworks Company of New Jersey, and the latter complied with the statutes of Colorado relative

to foreign corporations by filing with the proper authorities of that state its certificate of incorporation, a copy of the laws of New Jersey under which it was incorporated, and a certificate that its principal place of business in Colorado would be at Denver, in that state, and that a certain resident of Colorado was designated as its agent to receive service of process for it. The effect of the sale of the property of the two corporations to the plaintiff in error was to consolidate their property in the control of the latter, and the claim is that this consolidation made the latter a corporation of Colorado, by virtue of section 14, art. 15, of the constitution of that state, which provides:

"If any railroad, telegraph, express or other corporation organized under any of the laws of this state, shall consolidate, by sale or otherwise, with any railroad, telegraph, express or other corporation organized under any laws of any other state or territory, or of the United States, the same shall not thereby become a foreign corporation, but the courts of this state shall retain jurisdiction over that part of the corporate property within the limits of the state in all matters which may arise, as if said consolidation had not taken place." 1 Mills' Ann. St. Colo. 1891, p. 359.

This claim is late, and it is futile. The only effect of this constitutional provision was to retain in Colorado the citizenship of the corporation originally organized under its laws, which entered into the consolidation, and to retain jurisdiction over the property which it had in that state, for the purpose of securing the rights of its creditors and stockholders. The provision is that the corporation originally organized under the laws of Colorado "shall not become a foreign corporation," and not that its successor, organized under the laws of another state, or any other foreign corporation, shall become a corporation of Colorado. This was evidently the view of this question which the officers of the American Waterworks Company took when they qualified the corporation to do business in Colorado. It was the view taken by counsel for the defendant in error when it brought this action, and we have no doubt it is the correct view When this action was brought, then, the plaintiff was a citizen of New York, the defendant was a citizen of New Jersey, the action was brought in the circuit court of the United States for the district of Colorado, and the only ground of jurisdiction was the diverse citizenship of the parties. The act of congress of March 3, 1887, as corrected by the act of August 13, 1888 (24 Stat. 552, c. 373; 25 Stat. 434, c. 866), provides that:

"No person shall be arrested in one district for trial in another in any civil action before a circuit or district court; and no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." Supp. Rev. St. pp. 611, 612.

Under these acts of congress, a corporation organized in one state only cannot be successfully sued in the circuit court of the United States for any other state than that of its incorporation, except by a citizen of the former state, unless it waives its privilege by a

general appearance, or equivalent action. Shaw v. Mining Co., 145 U. S. 444, 12 Sup. Ct. 935; Southern Pac. Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. 44; Railway Co. v. Pinkney, 149 U. S. 194, 13 Sup. Ct. 859; Express Co. v. Todd, 5 C. C. A. 432, 56 Fed. 104. The American Waterworks Company never entered any appearance in this action, or in any way waived its privilege of compelling this suit to be brought in the state of its incorporation, and that was a fatal objection to the maintenance of this action in Colorado.

Moreover, the service of the summons in this action on C. H. Venner, the vice president and a stockholder of the American Waterworks Company, was insufficient to give the court below jurisdiction to enter judgment against it in a personal action. The statute under which this service was made reads:

"If the action be against a foreign corporation or joint stock company or association, organized under the laws of any other state or territory, and doing business within this state, the summons shall be served by delivering a copy of it to any agent of such corporation, company or association found in the county in which the action is brought. If no such agent be found in such county, then by delivering a copy of the summons to any stockholder who may be found in such county." Sess. Laws Colo. 1891, p. 82, § 1.

The record discloses the fact that the American Waterworks Company was not at the time of the attempted service upon Venner, and had not been, doing business in Colorado for many months, so that the authority to serve the summons on this corporation was not given by this statute. Again, C. H. Venner was a resident of the state of New York, temporarily in the state of Colorado, without any authority to act for this corporation in any manner whatever. In a personal action against the corporation, brought in a state in which the corporation is not incorporated, in which it does no business, and in which it has no agent, and in which no property is seized, service of a summons upon an officer of the corporation temporarily within the jurisdiction is futile. Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559.

The result is that the receiver of the property of the American Waterworks Company, the trustee for its creditors and stockholders, the successor to its rights and interests under the provisions of its charter, proved to the court below that a judgment had been rendered against that corporation for $118,512.50, without a legal service of any summons or notice upon it, in a court in which the defendant in error was forbidden by an act of congress to sue it, and prayed that the execution upon the judgment might be stayed, that the judgment might be set aside, and that he might be admitted to specially or otherwise plead and prove these facts, and such other defenses as the corporation had to this action. These facts furnish ample grounds, in our opinion, to entitle the plaintiff in error to the relief sought by his petition. The judgment which denied it must accordingly be reversed, with costs, and the case remanded, with directions to grant the relief prayed for in the petition, and it is so ordered.