## STEVIRMAC OIL & GAS COMPANY *v.* DITTMAN ET AL.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF OKLAHOMA.

No. 131. Submitted October 22, 1917.—Decided December 10, 1917.

A party against whom a default judgment had been rendered in the District Court eighteen months previously, applied there to have it set aside for lack of personal jurisdiction, alleging that there was no service and that the return of service, upon which the default was based, was unauthorized and false. After hearing the application and affidavits, the court sustained its jurisdiction to enter the judgment and overruled the application. *Held,* that the proceeding to set aside the judgment amounted to an independent action, and that the question of jurisdiction, as it related only to the power of the court in the original action, could not be made the basis of a direct writ of error, under Judicial Code, § 238, to determine the correctness of the order overruling the application.

Writ of error dismissed.

THE case is stated in the opinion.

*Mr. George S. Ramsey, Mr. Edgar A. de Meules, Mr. Malcolm E. Rosser* and *Mr. Sol H. Kauffman* for plaintiff in error, in support of this court's jurisdiction, cited: *Kendall* v. *American Automatic Loom Co.,* 198 U. S. 477;

*Merriam* v. *Saalfield*, 241 U. S. 26; *Stewart* v. *Ramsay*, 242 U. S. 128; and *St. Louis Cotton Comp. Co.* v. *American Cotton Co.*, 125 Fed. Rep. 196.

*Mr. Jesse H. Wise, Mr. C. R. Thurlwell* and *Mr. William E. Minor* for defendants in error.

MR. JUSTICE DAY delivered the opinion of the court.

On October 4, 1913, the defendants in error brought suit in the United States District Court for the Eastern District of Oklahoma against The Stevirmac Oil & Gas Company and Virgil Hicks to recover a money judgment. Process was issued naming November 3, 1913, as answer date. On October 15, 1913, the marshal made return certifying that he had delivered a copy of the summons to Virgil Hicks, Treas., in person, and that the other defendant named was not served. On November 25, 1913, the court ordered the marshal to amend the return to conform to the facts, and thereupon the marshal amended his return so as to certify that he had served The Stevirmac Oil & Gas Company by leaving a copy of the summons with Virgil Hicks personally and as treasurer of the company at Sapulpa, Oklahoma, in said district, on October 13, 1913, the president, chairman of the board of directors, or other chief officer not being found in the district, and Virgil Hicks being in charge of the place of business of the corporation.

On December 1, 1913, the court rendered judgment by default against The Stevirmac Oil & Gas Company. Under the laws of Oklahoma service can be made upon a corporation's treasurer only when the president, chairman of the board of directors, or other chief officer, cannot be found in the jurisdiction, and this fact must be stated in the return. *Cunningham Commission Co.* v. *Rorer Mill & Elevator Co.*, 25 Oklahoma, 133.

About eighteen months after the default judgment The Stevirmac Oil & Gas Company filed an application to set aside the default judgment; it was averred that the Stevirmac Oil & Gas Company, a corporation, was named in the summons issued with Virgil Hicks; that on October 13, 1913, the United States Marshal delivered to said Virgil Hicks at Sapulpa, Oklahoma, a copy of the summons; that at that time H. H. McFann was the president of the corporation and was in the town of Sapulpa, was well known therein and had a regular place of business and residence in said town; that Virgil Hicks was not in charge of the place of business of the defendant corporation; that at the time of the delivery of the copy of the summons to him the marshal did not tell or inform him in any way that the copy was for the defendant, The Stevirmac Oil & Gas Company, or that said delivery was intended for service upon said defendant corporation, and that Virgil Hicks understood and believed that the service was upon him individually; that the United States Marshal inquired of Virgil Hicks for the name of the president of the defendant corporation and where he could be found, and was told that H. H. McFann was the president of the corporation, was then in Sapulpa, Oklahoma, wherein he could be found; that this constituted all the service of summons made in the case; that no service was ever made on McFann or upon The Stevirmac Oil & Gas Company; that on October 15, 1913, the marshal made return certifying that he had delivered a copy of the return to Virgil Hicks, treasurer, in person at Sapulpa, Oklahoma, the other defendant named "not served;" that on November 25, 1913, without notice to The Stevirmac Oil & Gas Company the court made an order requiring or directing the marshal to amend the return to conform with the facts; that thereafter the return was amended so as to certify that the summons had been served upon The Stevirmac Oil & Gas Company by handing to and leaving a true

and attested copy with Virgil Hicks personally, treasurer of said corporation, at Sapulpa, Oklahoma, on October 13, 1913, the president, chairman of the board of directors, or other chief officers not being found in the district; that the said Virgil Hicks was the person in charge of the place of business of the defendant corporation; that the said marshal had not at any time served the said summons on The Stevirmac Oil & Gas Company; that plaintiff in the original suit caused and procured said false amended return to be made by the said marshal; that The Stevirmac Oil & Gas Company had no notice or knowledge of the said order of the court amending said return until long after the judgment was rendered; that the record does not show that the marshal asked leave of court, or that the court granted leave to make such amended return; that it is true that the court ordered the marshal to amend the original return; that said return was complete upon its face, and that the court had no power to order the marshal to make another or different return; that, therefore, said judgment was obtained without service of process upon The Stevirmac Oil & Gas Company as required by law, and is void. The Stevirmac Oil & Gas Company filed certain affidavits in support of this application.

Upon hearing the application, with accompanying affidavits, the court refused to set aside the former judgment and overruled the application of The Stevirmac Oil & Gas Company. The court made a certificate setting forth that the order refusing to set aside and vacate the judgment rendered December 1, 1913, involved and determined the question whether the court had jurisdiction over the person of The Stevirmac Oil & Gas Company; it being contended that the court had no jurisdiction to render said judgment on account of lack of jurisdiction of the person of the defendant, and that the order entered was a denial of that contention.

The case is brought here solely upon the question of

the jurisdiction of the District Court. It was submitted upon briefs which argue the question of the authority of the court to order the amendment of the return and thereby acquire jurisdiction over The Stevirmac Oil & Gas Company. The plaintiff in error contends that the proceeding to vacate the judgment was in effect a separate proceeding, and as it resulted in a judgment refusing to vacate the former judgment, the latter is final and reviewable here. We agree that it is a final judgment, reviewable in the proper court. The question now presented is whether it can be reviewed by direct writ of error from this court to the District Court. This court looks after its own jurisdiction, whether the point is raised by counsel or not. *Mansfield, Coldwater & Lake Michigan Ry. Co.* v. *Swan,* 111 U. S. 379. Section 5 of the Court of Appeals Act of 1891, now Judicial Code, § 238, 36 Stats. 1157, provides for direct appeals to and writs of error from this court in cases in which the jurisdiction of the District Court is in issue, in which case the question of jurisdiction only must be certified here for decision. Such appeals or writs of error do not bring here the merits of the controversy, and impose upon this court the single duty of determining whether the District Court had jurisdiction of the case. In the present case while it is certified that the jurisdiction of the court rendering the original judgment was presented and decided against the contention of the plaintiff in error, it is apparent that no question is made concerning the jurisdiction of the court to entertain the proceeding to set aside the former judgment, and that the real controversy arises from the attack upon the authority of the court to order an amendment of the marshal's return, and to render the original judgment. In such cases we are of opinion that former decisions of this court have settled the construction of the statute to be against the right to entertain direct appeals or writs of error upon the question of jurisdiction.

*Carey* v. *Houston & Texas Central Ry. Co.,* 150 U. S. 170, presents an action upon a bill in equity to impeach and set aside a decree of foreclosure in the Circuit Court on the ground of fraud. It was held that no question of jurisdiction over that suit could be availed of to sustain a direct appeal to this court under § 5 of the Court of Appeals Act. In that case Mr. Chief Justice Fuller, speaking for the court, expounding the fifth section of the Act of March 3, 1891, said:

"But the fifth section of the act of March 3, 1891, does not authorize a direct appeal to this court in a suit upon a question involving the jurisdiction of the Circuit Court over another suit previously determined in the same court. It is the jurisdiction of the court below over the particular case in which the appeal from the decree therein is prosecuted, that, being in issue and decided against the party raising it and duly certified, justifies such appeal directly to this court. This suit to impeach the decree of May 4, 1888, and to prevent the consummation of the alleged plan of reorganization, was a separate and distinct case, so far as this inquiry is concerned, from the suit to foreclose the mortgages on the railroad property; and no question of jurisdiction over the foreclosure suit or the rendition of the decree passed therein can be availed of to sustain the present appeal from the decree in this proceeding.

"The collusion and fraud charged in the institution and conduct of the prior litigation, and in the procurement of the decree against the railway company, and in the other transactions in respect of which relief was sought against the defendants, seem to form the gravamen of the case; but whether the bill be treated as a bill of review, an original bill of the same nature, or an original bill on the ground of fraud, it was a distinct proceeding in which the moving parties were shifted, and the fact that it put in issue the jurisdiction in the proceedings it assailed would

not change the appeal from this, into an appeal from the prior decree."

That case was followed and approved in *In re Lennon*, 150 U. S. 393, wherein Lennon filed a petition in *habeas corpus* in the Circuit Court of the United States for the Northern District of Ohio seeking to be relieved from punishment for contempt because of violation of an injunction issued in the same court, upon the ground that the court had no jurisdiction in the original case in which the order had been issued, and had no jurisdiction over the person of Lennon because he was not a party to the original suit, not having been served with process. This court held that while the proceeding in *habeas corpus* undertook to attack the jurisdiction of the court to make the order, the right to entertain the petition for *habeas corpus* was not in issue, but on the contrary, jurisdiction had been entertained, and conceding that the jurisdiction to discharge the prisoner would depend upon want of jurisdiction to commit in the original case, still that would not present a question reviewable by direct appeal in the *habeas corpus* suit. See also *Empire State-Idaho Mining and Developing Co.* v. *Hanley*, 205 U. S. 225, 232.

The plaintiff in error correctly contends that the proceeding to set aside the original judgment is in effect an independent action, and the judgment therein final and reviewable. The proceeding to set aside the original judgment is based upon the theory that no jurisdiction was acquired over The Stevirmac Oil & Gas Company by the service of the process as amended by the court's order, and hence the company was never properly subject to the jurisdiction of the court in the original suit. No contention is made that the court could not entertain the proceeding to set aside that judgment, indeed it did entertain jurisdiction and decided against the contention of the plaintiff in error. In such case we have no doubt that in view of the nature of the attack made upon the

original judgment, the judgment in the present proceeding was final, and reviewable in the Court of Appeals. *Rust* v. *United Waterworks Co.,* 70 Fed. Rep. 129. But the attempt now made is to convert the writ of error into a means of reviewing the question of the jurisdiction of the court to render the original judgment. For the reasons stated, and following the construction of the statute already given, the writ of error must be dismissed, and it is so ordered.

*Dismissed.*