848

SMITH, District Director. of Immigration, v.
UNITED STATES ex rel. GORLO.
No. 4572.

Circuit Court of Appeals, Seventh Circuit.
Oct. 16, 1931.

George E. Q. Johnson, U. S. Atty., and Thomas Dodd Healy, Asst. U. S. Atty., both of Chicago, Ill., and Robert Dawes Ross, Asst. U. S. Atty., of Evanston, Ill., for appellant.

Nathan Shavin, of Chicago, Ill., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge.

Upon appellant's instigation, proceedings were begun to obtain the deportation of appellee, Emil Gorlo, an alien. Upon the hearing, the representative of the Secretary of Commerce found that appellee was unlawfully in the United States and subject to deportation. An order for his deportation was thereupon entered. The alien then applied to the United States District Court for a writ of habeas corpus, on the ground that the order of deportation was based on the erroneous hypothesis that the 1924 act (43 Stat. 153) applied instead of the 1917 act (39 Stat. 874). The material difference between the two acts related to the time within which proceedings might be instituted against an alien who had unlawfully entered the United States (see 8 USCA §§ 155, 156, 166, 214).

On the trial of the habeas corpus proceeding, the District Court found for appellee and ordered his release. Appellant, on the same day, moved to set aside this decree and for time within which to file an additional brief. This request was granted, and the court continued generally the hearing on the motion. Later, and on February 16, 1931, the motion to set aside the decree was overruled.

Appellant then secured permission to prosecute an appeal from the order of February 16, 1931, which denied his motion to vacate and set aside the decree previously entered.

A question of jurisdiction, though not raised by either party, cannot be ignored. Dodge Mfg. Co. v. Patten (C. C. A.) 43 F. (2d) 472. This court's appellate jurisdiction is dependent upon the existence of an appealable order.

It is well settled that no appeal will lie from an order denying a motion to vacate a judgment or decree. 3 Corpus Juris, page 521, § 355; International Bank v. Securities Corp., 59 App. D. C. 72, 32 F.(2d) 968; Willis v. Davis, 184 F. 889 (C. C. A. 6); Painter v. Union Trust Co., 246 F. 240 (C. C. A. 6); In the Matter of Gelino's, Inc., Bankrupt (C. C. A. 7) 51 F.(2d) 875, decided June 30, 1931; Phillips v. Negley, 117 U. S. 665, 6 S. Ct. 901, 29 L. Ed. 1013; Connor v. Peugh's Lessee, 18 How. 394, 15 L. Ed. 432; 15 R. C. L., § 174; Newcomb v. Burbank, 159 F. 568 (C. C. N. Y.).

While it is true that cases may be found which hold that an order vacating (or refusing to vacate) a judgment or decree is appealable [Stevirmac Oil & Gas Co. v. Dittman, 245 U. S. 210, 38 S. Ct. 116, 62 L. Ed. 248; Zadig v. Ætna Ins. Co., 42 F.(2d) 142 (C. C. A. 2); Phillips v. Negley, 117 U. S. 665, 6 S. Ct. 901, 29 L. Ed. 1013; Hume v. Bowie, 148 U. S. 245, 13 S. Ct. 582, 37 L. Ed. 438], an examination of the facts of each case discloses a situation where the order appealed from vacated a previous decree or judgment at a term subsequent to the one at which it was entered, and when the court had lost jurisdiction of the cause. In these instances, the motion to vacate and the order granting the same are treated as a new and independent suit, and the final order granting the same is held to be appealable.

In the instant appeal, the motion to vacate the decree was timely made, and the order denying the same was not appealable.

The appeal is dismissed.