## BOARD OF SUP'RS OF ROCKLAND COUNTY v. KNICKERBOCKER ICE CO.

### No. 158.

Circuit Court of Appeals, Second Circuit.

Dec. 9, 1935.

Dunnington & Gregg and Louis G. Bernstein, all of New York City, for appellant.

Ernest W. Hofstatter, of Nyack, and John A. Miller, of New York City, for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

L. HAND, Circuit Judge.

This is an appeal by the defendant from an order entered in a proceeding to condemn land, begun by the plaintiffs in October, 1929, in the Supreme Court of New York. The defendant, a foreign corporation, removed the cause to the District Court and answered on April 4, 1930; and there the matter rested until June 29, 1932, when there was a general call of the common-law docket. Under section 33 of the General Rules of the District Court for the Southern District of New York,[1] causes in which no steps have been taken for over a year may be dismissed by the court sua sponte at a general calendar call, notice of which must be published in the New York Law Journal. The suit at bar was among those so advertised in June, 1932, and was dismissed with a number of others, in none of which did any party appear. A judgment, mistakenly called an "order," was entered on the 30th of June, entitled in all these cases, which "ordered that said causes be dismissed for lack of prosecution without costs"; and the clerk made a corresponding entry in the docket under the title of this suit, and on July 18, 1932, added the entry: "Mailed Notice to attys." In the docket under the heading "Attorneys," and opposite the title of the cause, was the entry, "Dunnington, Walker & Gregg, 5 Nassau Street—Removal"; these gentlemen were the defendant's attorneys, but the names of the plaintiff's attorneys did not appear on the docket. On June 18, 1935, the plaintiffs moved to vacate the judgment of June 30, 1932, upon affidavits of their attorney and counsel and of their chairman, that none of them had ever received notice of the judgment, and upon a certificate of the clerk of the District Court that, since the only appearance posted in the docket was of

---

[1] 33. Dismissal for Want of Prosecution.

Causes which have been pending in this Court for more than one year without any proceedings having been taken therein during such year may be dismissed as of course, for want of prosecution, by the Court on its own motion, at a general call of such causes as the Court may, from time to time, direct to be included in a general call, notice of which call shall have been published in the New York Law Journal or otherwise given as the Court may direct. Such causes may also be dismissed for want of prosecution on motion by any party upon notice to the other parties. Notices of dismissal by the Court on its own motion shall be given by mail by the Clerk to the attorneys of record for all parties who have appeared in the cause. For the purpose of a motion to vacate such a dismissal by the Court of its own motion, the term of Court at which the cause was dismissed is extended until thirty days from the date of such mailing of notice by the Clerk.

Where the Court has reason to believe that a suit is brought for any purpose other than to obtain the earliest possible adjudication by the Court of the issues involved, either or both parties may be required to show cause why the case should not be put on immediate trial or be dismissed and stricken from the calendar. Such order to show cause may issue on the motion of the Court or of any attorney of record.

the defendant's attorneys, it was "unlikely that any notice of dismissal was mailed to the plaintiffs' attorney or counsel." The judge vacated the judgment and ordered the cause to stand for trial; and the defendant appealed.

■ In Zadig v. Ætna Ins. Co., 42 F.(2d) 142, we took jurisdiction over the appeal only because the court, by refusing to reopen the judgment, had finally disposed of the cause; for an order vacating a judgment and setting down the cause for trial is interlocutory and not appealable. O'Brien v. Lashar, 266 F. 215 (C.C.A. 2); Mitchell v. Mason, 4 F.(2d) 705 (C.C.A. 5). Phillips v. Negley, 117 U.S. 665, 6 S.Ct. 901, 29 L.Ed. 1013, established an exception to this when the term had expired, on the ground that in that case the motion was a "new proceeding," and the order concluded it, even though its content was interlocutory, viewed from its effect in the main cause. Thus, as the court said, appellate jurisdiction depended upon whether the District Court had itself had jurisdiction over the judgment. The same result was reached in City of Manning v. German Ins. Co., 107 F. 52 (C.C.A. 8), S. M. Hamilton Coal Co. v. Watts, 232 F. 832 (C.C.A. 2), and Greyerbiehl v. Hughes Electric Co., 294 F. 802, 804 (C.C.A. 8), by saying that one may always appeal upon the question whether the District Court had jurisdiction over its judgment. Smith v. United States ex rel. Gorlo (C.C.A. 7) 52 F.(2d) 848 (semble). In Stevirmac Oil & Gas Co. v. Dittman, 245 U.S. 210, 38 S.Ct. 116, 62 L.Ed. 248, the District Court had refused to vacate a default judgment entered eighteen months before the defendant moved. While it does not expressly appear that this had been after the expiration of the term, that was undoubtedly the case, and the motion was a "new proceeding," so that even an order vacating the judgment would have been appealable to this court. This is probably what Day, J., meant when he said (245 U.S. 210, page 216, 38 S.Ct. 116, 62 L.Ed. 248), that the judgment was final because the proceeding was "in effect an independent action," though the decision went off on a point of jurisdiction peculiar to the Supreme Court and does not concern us. Thus the first question here is whether the judge had jurisdiction over the dismissal, for if he had, we cannot entertain the appeal.

■ The rule of the District Court has been changed since Zadig v. Ætna Ins. Co., supra, 42 F.(2d) 142, was decided. Its forerunner, rule 28, said nothing about notice of the dismissal to the attorneys, nor did it keep open the term until they got it. The injustice which we mentioned at that time was thus corrected; and the judgment here would have been final if the clerk had done his duty, for the plaintiffs' attorneys appeared "of record," that is, on the complaint. But if the clerk did not follow the rule, the term was extended until he did, and the District Court retained jurisdiction; knowledge is not the same thing as notice, and in such matters formalities are of the essence. Though we were to assume that the mere mailing of the notice tolls the term, regardless of whether the plaintiff's attorney ever gets it, if the clerk does not in fact mail it, the term remains open, and the plaintiff's knowledge otherwise acquired is relevant only upon the merits; that is to say, whether laches should defeat him. In the case at bar we regard the entry on the docket as ambiguous. Had the names of the plaintiff's attorneys appeared upon it, the word, "attys." would indeed have included them; but as things were, it is at least uncertain whether the entry meant more than that notice was sent to the defendant's attorney; and this is true notwithstanding the presumption that attends the performance of official acts. That uncertainty is increased first by the certificate of the clerk as to the unlikelihood that the notice was ever mailed, and further because the plaintiff's attorney never got it. Perhaps it rested on the plaintiffs to show that the term remained open when the order was made; even so, it seems to us that they have established the fact by a fair probability. The appeal must therefore be dismissed, but of course without prejudice to a consideration of the merits, should these ever come before us in such a way that we can pass upon them. Whether the plaintiff's delay in applying to vacate the judgment after they learned of it, was so great as to make the order an abuse of discretion we do not therefore now decide.

Appeal dismissed.