**JACKSON et al. v. HEISER.**

No. 9356.

Circuit Court of Appeals, Ninth Circuit.

April 30, 1940.

---

[2] See and compare, Smith v. Mutual Life Ins. Co., 188 Ark. 1111, 69 S.W.2d 874; Mutual Life Ins. Co. v. Smith, 257

Ky. 709, 79 S.W.2d 28; Metropolitan Life Ins. Co. v. Greene, Tex.Civ.App., 93 S.W.2d 1241; Prudential Ins. Co. of America v. Kendrick, 262 Ky. 297, 90 S. W.2d 52; Equitable Life Assurance Society v. Slaughter, 178 Miss. 366, 172 So. 300.

Cobb, Campbell & Kelley, of Los Angeles, Cal., for appellant Jackson.

Edward Fitzpatrick, of Los Angeles, Cal., for appellant Woodruff.

L. J. Meyberg and M. S. Meyberg, both of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

MATHEWS, Circuit Judge.

This appeal is from (1) an order which, on June 29, 1939, refused to modify a default judgment in an action for damages for conversion of property and (2) an order which, on September 26, 1939, denied a motion to vacate the judgment, set aside

312

the entry of default and permit answers to be filed.

■ The action was brought by appellee, M. E. Heiser, against Leonard Woodruff and others in the District Court of the United States for the Southern District of California. Appellee is a British subject. Woodruff is a citizen of California and a resident of the Southern District thereof. One of Woodruff's co-defendants is a citizen of Nevada. The others are citizens of California. The amount in controversy exceeded, exclusive of interest and costs, the sum of $3,000. The District Court had jurisdiction of the action.

The action was commenced on July 11, 1935. Summons was issued on that day, but, being unable to find the defendants, the marshal returned that summons unserved. Another summons was issued on April 21, 1937. On January 25, 1939, E. M. Daniels was specially appointed by the court to serve the summons and complaint on Woodruff,[1] but Daniels never made such service. The marshal, on January 31, 1939, did make such service by leaving copies of the summons and complaint at Woodruff's dwelling house and usual place of abode with a person of suitable age and discretion then residing therein.[2]

On February 23, 1939, it appearing by affidavit and otherwise that Woodruff had failed to plead or otherwise defend, the clerk entered his default.[3] Thereafter appellee applied to the court for a judgment. The court, on March 20, 1939, conducted a hearing to determine the amount of damages and, at the conclusion thereof, entered judgment against Woodruff for $164,000, with interest and costs.[4] From that judgment, no appeal was taken.

On March 29, 1939, Woodruff filed a motion to vacate the judgment, set aside the entry of default and permit him to answer. The motion was heard on April 10, 1939, and, by an order entered on June 8, 1939, was denied. From that order, no appeal was taken.

On May 25, 1939, appellee and Woodruff stipulated in open court that the court might hear evidence as to the value of the converted property, and that, if the value thereof was found to be less than the amount ($164,000) awarded by the judgment, the judgment might be modified accordingly. On June 29, 1939, a hearing was had, pursuant to the stipulation. Both parties (appellee and Woodruff) appeared and participated in the hearing. The court found that the value of the property was the amount awarded by the judgment. Accordingly, by an order entered on June 29, 1939, the court refused to modify the judgment.

On July 5, 1939, Woodruff was adjudged a bankrupt. On July 20, 1939, P. M. Jackson was appointed and qualified as trustee in bankruptcy of Woodruff's estate. On September 26, 1939, pursuant to written notice theretofore served and filed, Jackson and Woodruff (hereafter called appellants) moved the court to vacate the judgment in the law action, set aside the entry of default and permit the filing of answers by appellants. The motion was heard and, by an order entered on September 26, 1939, was denied. From that order and the order of June 29, 1939, this appeal was taken on September 29, 1939.

■ The order of June 29, 1939, was not a final decision, within the meaning of § 128(a) of the Judicial Code, 28 U.S.C.A. § 225(a), and was not appealable. Republic Supply Co. v. Richfield Oil Co., 9 Cir., 74 F.2d 909, 910; Bensen v. United States, 9 Cir., 93 F.2d 749, 751.

■ A claimed ground of appellants' motion of September 26, 1939, was that the judgment was obtained without valid service of process. Another claimed ground of the motion was that the judgment was obtained by fraud. Thus, by their motion, appellants instituted what was, in effect, an independent action or proceeding. Hence, the order of September 26, 1939, was a final decision, within the meaning of § 128(a) of the Judicial Code, 28 U.S.C.A. § 225(a), and was appealable. Stevirmac Oil & Gas Co. v. Dittman, 245 U.S. 210, 214, 216, 38 S.Ct. 116, 62 L.Ed. 248; Rust v. United Waterworks Co., 8 Cir., 70 F. 129, 132.

■ The District Court properly refused to vacate the judgment as having been obtained without valid service of process. For, as previously shown, service was made on January 31, 1939, in accordance with Rule 4 of the Federal Rules of Civil Procedure, then in effect, and was, we

---

[1] Federal Rules of Civil Procedure, Rule 4(c), 28 U.S.C.A. following section 723c.

[2] Id., Rule 4(c), (d)(1).

[3] Id., Rule 55(a).

[4] Id., Rule 55(b)(2).

think, valid service. Furthermore, even if not validly served with process, Woodruff, by entering into the stipulation of May 25, 1939, and by participating in the hearing of June 29, 1939, waived such service and voluntarily submitted himself to the jurisdiction of the court.

■ The charge that the judgment was obtained by fraud was denied and not proved. That ground of appellants' motion appears to have been abandoned. Other claimed grounds of the motion were that the judgment was prematurely entered and was otherwise erroneous; that the complaint did not state a cause of action and was otherwise defective; and that the complaint showed on its face that the action was barred. These were matters which, if true, might have been urged as defenses or, if the judgment had been appealed from, as grounds for reversal. They were not grounds on which, without more, the court rendering the judgment could properly vacate it.

■ As a further (and final) ground of their motion, appellants stated that they, Jackson and Woodruff, had a good defense to the action, but were prevented from presenting it by reason of fraud, accident, surprise and excusable neglect. The statement that Jackson had a defense to the action and was prevented from presenting it was obviously untrue, for he was not a party to the action. As to Woodruff, the court apparently disbelieved the statement and disbelieved the evidence, if any, tending to support it. In this, we cannot say that the court erred; much less that it abused its discretion.

The appeal, in so far as it is or purports to be an appeal from the order of June 29, 1939, is dismissed.

The order of September 26, 1939, is affirmed.