## STATE TAX COMMISSION OF UTAH v. UNITED STATES.

### No. 2671.

Circuit Court of Appeals, Tenth Circuit.

June 21, 1943.

W. L. Skanchy, of Salt Lake City, Utah (Grover A. Giles, J. Lambert Gibson, and Grant A. Brown, all of Salt Lake City, Utah, on the brief), for appellant.

Wilma C. Martin, Atty., Department of Justice, of Washington, D. C. (Norman M. Littell, Asst. Atty. Gen., Dan B. Shields, U. S. Atty., of Salt Lake City, Utah, and Vernon L. Wilkinson, Atty., Department of Justice, of Washington, D. C., on the brief), for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

The United States instituted this action to acquire by condemnation certain land in Box Elder County, Utah. The county was a party defendant. Judgment was entered reciting that the United States took possession of the premises on March 2, 1942, determining that the owners were liable for the taxes only for January and February, and adjudging that on payment of one-sixth of the taxes for that year each tract should be released of all lien for such taxes. Up to the time of the entry of the judgment, the State Tax Commission of Utah was not a party to the action; but thereafter it filed in the cause a petition challenging the correctness of the judgment in respect of the proration of the taxes and praying that it be vacated and set aside. An order was entered denying the petition, and the Commission appealed.

Laying aside certain exceptions which do not have material bearing here, our jurisdiction is limited to review by appeal of final decisions. Reeves v. Beardall, 316 U. S. 283, 62 S.Ct. 1085, 86 L.Ed. 1478; Crutcher v. Joyce, 10 Cir., 134 F.2d 809.

This appeal was expressly taken from the order denying the petition to vacate and set aside the judgment. It was not from the judgment. In ordinary circumstances such as those presented here, an appeal will not lie from an order refusing to vacate or set aside a prior judgment or decree. Brockett v. Brockett, 2 How. 238, 11 L.Ed. 251; Wylie v. Coxe, 14 How. 1, 14 L.Ed. 301; McMicken v. Perin, 18 How. 507, 15 L.Ed. 504; Willis v. Davis, 6 Cir., 184 F. 889; International Bank v. Securities Corporation of District of Columbia, 59 App.D.C. 72, 32 F.2d 968; Cuno Engineering Corp. v. Hudson Auto Supply Co., D.C., 49 F.2d 654; Smith v. Gorlo, 7 Cir., 52 F.2d 848; Glinski v. United States 7 Cir., 93 F.2d 418; Bensen v. United States, 9 Cir., 93 F.2d 749; Burns v. Ender Coal & Coke Co., 7 Cir., 104 F.2d 964.

An application to set aside a judgment on the ground of invalidity for lack of service of process on the defendant is in effect an independent action or proceed-

ing and an order denying such an application is therefore appealable. Stevirmac Oil & Gas Co. v. Dittman, 245 U.S. 210, 38 S.Ct. 116, 62 L.Ed. 248. But this appeal was not from an order of that kind.

The appeal is dismissed.