**TAYLOR et al. v. UNITED STATES.**

**No. 2883.**

Circuit Court of Appeals, Tenth Circuit.

Oct. 30, 1944.

Jean P. Day, of Oklahoma City, Okl. (Gomer Smith, of Oklahoma City, Okl., on the brief), for appellants.

Fred W. Smith, of Washington, D. C. (Norman M. Littell, Curtis P. Harris, and Vernon L. Wilkinson, all of Washington, D. C., on the brief), for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

This is an appeal from an order of the District Court for the Western District of Oklahoma, denying a motion to vacate a judgment entered by the court on April 29, 1943, in conformity with a stipulation

signed by the attorney for the appellants consenting to the entry of the judgment.

By condemnation proceedings filed September 25, 1942, the United States sought to condemn certain lands located in Cleveland County, Oklahoma, 105.4 acres of which belonged to Elizabeth E. Taylor, one of the appellants here, who was named a respondent in the proceedings. On November 18, 1942, by leave of the court, appellant A. O. Taylor was made an additional party respondent, and both of the appellants were duly served with summons on the following November 28th. On December 4, 1942, the United States filed its declaration of taking in pursuance of the Act of February 26, 1931, 46 Stat. 1421, 40 U.S.C.A. § 258a, and on the same day deposited in the registry of the court the estimated just compensation for the lands taken belonging to the appellants in the sum of $4,302.50, whereupon the trial court entered judgment vesting title to the said lands in the United States. Thereafter commissioners appointed by the court to appraise the property in pursuance of Section 53, Title 66 O.S.A., fixed the fair cash market value thereof at $10,500, and both parties to the proceedings made timely demand for a jury trial in accordance with Section 55, Title 66 O.S.A.

Pending the trial of the case, the court ordered the estimated just compensation heretofore deposited in the registry of the court in the sum of $4,302.50 distributed to the appellants as the owners of the land involved. When the case came on for trial on April 26, 1943, it was continued until April 29th on motion of the appellants, and when on that date a motion for further continuance was denied, appellant Elizabeth E. Taylor, acting by Earl Foster as her attorney of record, filed an entry of appearance and stipulation, in which it was recited that the respondents (appellants here), stipulated and agreed that the fair cash market value of the land involved and belonging to them was $10,500, and prayed the court to enter judgment accordingly. The pleading was signed "Elizabeth E. Taylor by Earl Foster, Attorney for Respondents." On the same date (April 29, 1943), the trial court considered, confirmed, and adopted the stipulation and entered judgment in conformity therewith, and ordered the United States to deposit with the clerk of the court the sum of $6,197.50, which together with the sum of $4,302.50 heretofore disbursed to the appellants, constituted the payment of the fair cash market value of the land as determined by the judgment of the court.

No appeal was taken from the judgment of April 29, 1943, but on July 28, 1943, the parties appeared by their respective counsel, and the application of Earl Foster to withdraw as attorney for Elizabeth E. Taylor came on for hearing. The record does not indicate what notice, if any, was given of the hearing, but it does reflect that the application to withdraw was submitted, and Foster's authority to "stipulate and settle the case" was also submitted to the court upon affidavits ordered to be filed within 15 days from that date. Elizabeth E. Taylor was granted 15 days in which to file a motion to set aside the judgment, to be supported by affidavits, and the United States was granted 10 days thereafter to file counter-affidavits. On the following August 12th, Elizabeth E. Taylor filed what was denominated a "motion to vacate judgment," in which she asked the court to vacate and set aside the judgment rendered on April 29, 1943, and to grant her a new trial for the stated reasons that the stipulation upon which the judgment was entered was executed by her attorney, Earl Foster, and that it was executed by him "through mistake, inadvertence and misunderstanding;" that she did not at any time "intentionally authorize such stipulation" but on the contrary had contended that the fair cash market value of the land in controversy was reasonably worth from $250 to $275 per acre instead of $100 per acre as fixed by the judgment, and that she was therefore "neither morally nor legally bound thereby." It was also alleged that her husband, appellant A. O. Taylor, had an undivided one-half interest in the land, was not a party to the suit and had been accorded no opportunity to present his cause.

Based upon the affidavits, counter-affidavits, and testimony adduced in open court touching Foster's authority to stipulate and agree to the entry of the judgment of April 29, 1943, and the fair cash market value of the land as of the date of the taking, the trial court found that Earl Foster, as attorney of record for Elizabeth E. Taylor, was duly authorized by Elizabeth and A. O. Taylor, to enter into the stipulation, pursuant to which the judgment was entered; that A. O. Taylor was a party to the cause, had been served with process, was fully aware at all times of the negotiations, and participated in the conferences with Mr. Foster which led to the settlement and entry of the judgment.

The court further found, independently of the stipulation and upon the proof submitted to it, that the fair cash market value of the land at the time of the taking was $10,500. On September 17, 1943, the court denied the motion to vacate the judgment and this appeal is from that order.

 At the outset, it is suggested that the order of September 17, 1943, denying the motion to vacate the judgment of April 29, 1943, is not appealable, and therefore the appeal should be dismissed on jurisdictional grounds, citing State Tax Commission of Utah v. United States, 10 Cir., 136 F.2d 903, in which this court dismissed an appeal from an order denying a motion to vacate a judgment in a condemnation proceedings, on the asserted grounds that it was not a final and appealable order. The decision there is supported by numerous authorities, and we reaffirm it here. However, as we observed in the latter case, the rule is subject to the qualification that a motion or application to vacate a judgment on the grounds of its invalidity for lack of service on the defendant, may be treated as a collateral or independent action, and an order denying such an application or motion is therefore final and appealable. See Stevirmac Oil & Gas Co. v. Dittman, 245 U.S. 210, 38 S.Ct. 116, 62 L.Ed. 248. And by the same rationale, it also has been held that a motion to set aside a judgment obtained by fraud is in effect an independent action or proceedings, hence final and appealable within the meaning of Section 128(a) of the Judicial Code, 28 U.S.C.A. § 225(a). Jackson v. Heiser, 9 Cir., 111 F.2d 310. See also Smith v. United States ex rel. Gorlo, 7 Cir., 52 F.2d 848; Rust v. United Waterworks, 8 Cir., 70 F. 129. Laying aside the technical aspects of the case, and viewing the motion to vacate the judgment on the grounds of "mistake, inadvertence and misunderstanding" as falling within the rationale of Stevirmac Oil & Gas Co. v. Dittman, supra, and Jackson v. Heiser, supra, and treating it as an independent action, decision on which would be final and hence appealable, we do not think the appellants can prevail on the merits.

The motion to vacate raised an issue of fact upon which the ruling of the trial court is conclusive here unless clearly wrong. There was evidence from which the court was fully justified in finding and concluding that Mr. Foster, as attorney of record for the appellants, had authority to enter into the stipulation upon which the judgment of the court is based, and clothed with that authority the judgment becomes invulnerable. There is also evidence to support the findings of the trial court to the effect that the amount awarded by the judgment represented the fair cash market value of the land at the time of taking. It follows that the judgment should be and is affirmed.