### SIMONS et al. v. UNITED STATES.

### No. 11477.

Circuit Court of Appeals, Ninth Circuit.

June 21, 1947.

A. O. Colburn and Frank Funkhouser, both of Spokane, Wash., for appellants.

David L. Bazelon, Asst. Atty. Gen., and Bernard H. Ramsey, Sp. Asst. to the Atty. Gen., Roger P. Marquis and Wilma C. Martin, Attys., Dept. of Justice, both of Washington, D. C., for appellee.

Before MATHEWS, HEALY and BONE, Circuit Judges.

MATHEWS, Circuit Judge.

On February 23, 1943, appellee (the United States) commenced a proceeding for the condemnation of lands, including tracts K-765, K-799 and K-803, in Benton County, Washington, and obtained an order granting it immediate possession thereof. At that time, tract K-765 was owned by Harry Simons, tract K-799 was owned by appellants (Virgel O. Simons and Margaret Simons), and tract K-803 was owned by appellants and Harry Simons. Appellee took possession of tracts K-765, K-799 and K-803 on May 15, 1943. However, instead of acquiring these tracts by condemnation, it acquired them by purchase. Options to purchase them for sums aggregating $3,625 were obtained by appellee from appellants and Harry Simons on April 11, 1943, and

---

were exercised by appellee in July, 1943.[1] On December 14, 1943, appellee moved for and obtained an order dismissing the proceeding as to tract K-803. On January 29, 1944, it moved for and obtained orders dismissing the proceeding as to tracts K-765 and K-799. None of the dismissal orders was appealed from.

On an undisclosed date between January 29, 1944, and August 1, 1945, Harry Simons died, leaving as his only heir appellant Virgel O. Simons. A petition to set aside the dismissal orders was filed by appellants on August 1, 1945. An order denying the petition was entered on September 25, 1946. From that order this appeal was taken.

The dismissal orders were final decisions, within the meaning of § 128(a) of the Judicial Code, 28 U.S.C.A. § 225(a), and were appealable,[2] but, as stated before, they were not appealed from. The order denying the petition to set aside the dismissal orders was not a final decision and was not appealable.[3] There are, it is true, exceptions to the rule that no appeal lies from an order denying a motion or petition to vacate or set aside an order or judgment,[4] but this case comes within the rule and does not come within any of the exceptions.

Appeal dismissed.

---

[1] For tract K-765, appellee paid Harry Simons $675 and received from him a warranty deed dated July 27, 1943. For tract K-799, it paid appellants $1,150 and received from them a warranty deed dated July 9, 1943. For tract K-803, it paid appellants and Harry Simons $1,800 and received from them a warranty deed dated July 12, 1943.

[2] Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144; Hicks v. Bekins Moving & Storage Co., 9 Cir., 115 F.2d 406.

[3] Hicks v. Bekins Moving & Storage Co., supra; Bowers v. E. J. Rose Mfg. Co., 9 Cir., 149 F.2d 612. See, also, Willis v. Davis, 6 Cir., 184 F. 889; International Bank v. Securities Corp., 59 App.D.C. 72, 32 F.2d 968; In re Gelino's, 7 Cir., 51 F.2d 875; Smith v. United States ex rel. Gorlo, 7 Cir., 52 F.2d 848; Burns v. Ender Coal & Coke Co., 7 Cir., 104 F.2d 964; State Tax Commission v. United States, 10 Cir., 136 F.2d 903.

[4] Stevirmac Oil & Gas Co. v. Dittman, 245 U.S. 210, 38 S.Ct. 116, 62 L.Ed. 248; Jackson v. Heiser, 9 Cir., 111 F.2d 310.